Bruce F. Fain
Murphy, Kirkpatrick & Fain, P.L.L.P.
208 North Broadway, Suite 208
P.O. Box 429
Billings, MT 59103-0429
Phone: (406) 256-9700
Fax: (406) 256-9755
E-mail: bruce@murphkirk.com
I.D. Number: 3377

Attorneys for Creditor
     Auto Auction of Montana

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| In re: | CASE NO.  06-60855 |
|---|---|
| INCREDIBLE AUTO SALES, LLC, | **AMENDED OBJECTION TO CASH COLLATERAL** |
| Debtor. | **MOTIONS** |

- - - - - - - - - - - - - - - -

AUTO AUCTION ASSOCIATES OF MONTANA, INC., d/b/a AUTO AUCTION OF MONTANA a/k/a AUTO AUCTION OF BILLINGS ("Auto Auction") hereby objects to the Debtor's Emergency Motion As to Use of Cash Collateral and Offer of Adequate Protection to Hyundai Motor Finance Company (the "Debtor's Motion") and Hyundai Motor Finance Company's ("HMFC") Emergency Motion to Prohibit or Condition Use, Sale or Lease of Inventory and/or Cash Collateral (the "Hyundai Motion").

The grounds for this objection are that in a separate

adversary proceeding this Court granted a TRO prohibiting the Debtor from encumbering or transferring certain vehicles that are subject to a reclamation claim by Auto Auction. Auto Auction, the Debtor and HMFC ultimately reached an agreement in the adversary proceeding that called for the vehicles to remain segregated and not subject to transfer or encumberance pending further order of the Court in the Adversary Proceeding. The Court approved that stipulation in the adversary proceeding.

The Debtor's Motion includes vehicles that are the subject of the adversary proceeding and the parties stipulation. In particular, the following stock numbers for vehicles are set forth in the motions and also clearly involve vehicles which are the subject of the adversary proceeding: p4096; p4097; p4098; p4099; p4101; p4104; p4105; p4106; p4107; p4108; p4109; p4110[1].

The attempt to list these vehicles as subject to a cash collateral motion is clearly contrary to the parties intentions in the adversary proceeding stipulation. The sale of the vehicles in the ordinary course could completely obliterate the rights of Auto Auction and the Court should not permit any of these vehicles to be sold.

---

[1] It is perhaps also significant that several of the vehicles subject to the parties agreement, and this Court's order, cannot be located at the Debtor's property. Nor can these vehicles be located on the inventory list submitted with the Debtor's Motion. The Court restrained the sale of the vehicles on the list on October 20, 2006 and the parties signed the stipulation on October 23, 2006, so it appears that perhaps six (6) or more have been sold. The question that needs to be answered now is were the vehicles sold contrary to the TRO or the Stipulation?

In addition, as has been pointed out by Manheim Services Corporation d/b/a South Seattle Auto Auction ("South Seattle Auto Auction"), HMFC is already over secured by an estimated $616,620.42. On top of this sum, the Debtor is proposing to offer additional adequate protection valued at $800,000.00. This means that HMFC will be over secured in excess of $1,400,000.00.

Neither HMFC nor the Debtor will be seriously impacted by continuing to prohibit the sale of the vehicles which are subject to the reclamation claims of Auto Auction and South Seattle Auto Auction. The total face value of the reclamation claims of Auto Auction and South Seattle Auto Auction are approximately $254,390.00 ($184,390.00[2] for Auto Auction and $70,000.00 for South Seattle Auto Auction). Assuming the Court ordered the return of every vehicle claimed by Auto Auction and South Seattle Auto Auction, HMFC would remain over secured in excess of $1,145,000.00. Given this fact, the Court should not permit any cash collateral order adversely impact the vehicles subject to Auto Auction's reclamation claim.

The Court should deny the Debtor's Motion and HMFC's Motion to the extent the motions seek to permit the sale or encumbering of the vehicles listed on Exhibits A and A-1 on the parties

---

[2] The Debtor has listed twelve of nineteen vehicles claimed by Auto Auction. The remaining seven cannot be located on the Debtor's list. The Debtor has valued the twelve vehicles claimed by Auto Auction still in the Debtor's inventory as worth $117,350.00, which further reduces the impact of reclamation on the Debtor and HMFC.

3

stipulation, as approve by this Court.

DATED this 30th day of October, 2006.

                                      Murphy, Kirkpatrick & Fain, P.L.L.P.
                                      208 North Broadway, Suite 208
                                      P.O. Box 429
                                      Billings, MT 59103-0429

                                      By:   /S/ Bruce F. Fain
                                          Bruce F. Fain
                                          Attorneys for Plaintiff Auto
                                          Auction of Montana

CERTIFICATE OF SERVICE

    I hereby certify under penalty of perjury that on this 30th day of October, 2006, a copy of the AMENDED OBJECTION TO CASH COLLATERAL MOTIONS was served upon counsel of record by the following method:

 __1-5__     CM/ECF

 _____     Hand Delivery

 __6__     Mail

 _____     Overnight Delivery Service

 _____     Fax

 _____     E-Mail

1. William L. Needler
   William L. Needler and Associates
   555 Skokie Blvd. Ste. 500
   Northbrook, IL 60062

2. Clark B. Rice
   2951 King Avenue West
   Billings, MT 59102

3. Neal Jensen
   U.S. Trustee
   Liberty Center, Ste. 204
   301 Central Ave.
   P.O. Box 3509
   Great Falls, MT 59403

4. Christopher Birkle
   P.O. Box 1415
   Billings, MT 59103

5. Charles W. Hingle
   Shane P. Coleman
   P.O. Box 639
   Billings, MT 59103-0639

6. Nick Gutierrez
   Incredible Auto Sales, LLC
   1832 King Avenue West
   Billings, MT 59102

                                         /S/ Bruce F. Fain