Neal G. Jensen
Assistant United States Trustee
Office of United States Trustee
Liberty Center, Suite 204
301 Central Avenue
Great Falls, MT 59401
Phone (406) 761-8777
Fax    (406) 761-8895
neal.g.jensen@usdoj.gov
State Bar No. 738

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| In re | ) | Case No. 06-60855-11 |
|---|---|---|
| INCREDIBLE AUTO SALES, LLC, | ) ) ) | **NOTICE OF HEARING**<br>Date:  November 14, 2006<br>Time:  9:00 o'clock, a.m. |
| Debtor. | ) ) ) | Location:  Federal Courthouse<br>Billings, Montana |

OBJECTION TO DEBTOR'S EMERGENCY MOTION

The Office of United States Trustee, acting through counsel, respectfully objects to the Debtor's emergency motion to "excuse any tardiness in submission of the U.S. Trustee Reports," on the following grounds:

1. The Debtor has not properly filed its motion pursuant to the requirements of Mont. LBR 9013-1(d).  Although he has never filed an Application to Approve Employment of Professional, nor an Affidavit of Proposed Professional, pursuant to Mont. LBR 2014-1, and thus his employment has never been approved by the Court, the Debtor ostensibly is also represented by Clarke B. Rice, as local counsel.  With the benefit of two law firms, the Debtor should be able to provide the information required by the United States Trustee in a timely manner.

2. Although the Debtor did not specify which "U.S. Trustee Reports" for which he was seeking to have the Court excuse their tardiness, it can be reported to the Court that the debtor has not filed the following described materials required upon the filing of a chapter 11 case by the United States Trustes:

   a) Most recently prepared annual financial statements (balance sheet and statement of income.)

   b) Most recently prepared (other than annual) balance sheet.

      c) Most recently prepared (other than annual) statement of income.

      d) Most recently filed Federal and State income tax returns.

      e) Collateralization Certificate (UST-25).

      f) Proof of insurance (certificate of insurance or binder), evidencing the status of fire, theft, casualty, liability, workers' compensation, and other coverages.

It is respectfully submitted that it should not be difficult to have someone employed by the Debtor assemble and submit these materials to the United States Trustee.

3. The Debtor has not filed its Schedules and Statement of Financial Affairs, so it is impossible to know the extent of the Debtor's "aggregate noncontingent liquidated secured and unsecured debts as of the date of the petition." If this is ultimately construed to be a small business case, then the Debtor must also comply with § 1116, and the duties set forth therein, and file the documents prescribed in said statute. Section 1116 requires a small business debtor to file "not later than 7 days after the date of the order for relief" its most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return (or a statement that the same have not been prepared or filed). The Debtor has not filed such documents. Moreover, under § 308, a small business debtor is also required to file periodic financial and other reports containing information including the debtor's profitability; reasonable approximations of its projected cash receipts and cash distributions over a reasonable period; and various other matters. The Debtor has not done so.

4. Neither Mr. Needler nor Mr. Rice, as local counsel, have apparently read and reviewed Montana's Local Bankruptcy Rules, because there has not been compliance with Mont. LBR 9013-1(d); William Needler's motion to practice *pro hac vice* was not in compliance with the dictates of Mont. LBR 2090-1(d); and the Debtor has sought a continuance of the § 341(a) creditors' meeting which is presently scheduled for Monday, November 13, 2006, by way of an "emergency motion" rather than through the mechanism of an application to continue the meeting of creditors, as specified in Mont. LBR 2003-4. Under the circumstances of this case, it appears imperative that the Debtor submit the required reports and other financial documents in a timely fashion so that the United States Trustee and any interested third parties can confirm the present status of this Debtor's business and financial affairs.

WHEREFORE, the Court is respectfully requested to deny the Debtor's emergency motion, as the same pertains to its obligations to file financial and other materials, either pursuant to the dictates of the Bankruptcy Code or the requirements of the Office of the United States Trustee.

DATED this 6th day of November, 2006.

          ILENE J. LASHINSKY
          United States Trustee


          /s/ Neal G. Jensen
          NEAL G. JENSEN
          Assistant United States Trustee