William L. Needler
William L. Needler and Associates
555 Skokie Blvd. Suite 500
Northbrook, IL 60062
(847) 559-8330 ph
(847) 559-8331 fax
Bar ID 02025248
Email: WilliamLNeedler@aol.com

Attorney for the Debtor
    Incredible Auto Sales, LLC

Clarke B. Rice
Clarke B. Rice, P.C.
2951 King Avenue West
Billings, Montana 59102
(406) 254-2500 office
(406) 294-2525 fax
Montana ID #1289
Email: clarkerice@imt.net

Co-Counsel for the Debtor
    Incredible Auto Sales, L.L.C.

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| **IN RE:** | ) |
| | ) |
| INCREDIBLE AUTO SALES, L.L.C. | ) Case No.: 06-60855-RBK |
| | ) |
| | ) Judge Ralph B. Kirscher |
| | ) |
| Debtor | ) A Chapter 11 Proceedings |
| | ) For Reorganization |
| | ) |
| | ) |

**STIPULATION AS TO THE USE OF COLLATERAL UNDER 11 U.S.C. SECTION 363 AND ADEQUATE PROTECTION UNDER 11 U.S.C. SECTION 361 OF THE BANKRUPTCY CODE**

The parties to this matter and the hearings as to use of cash collateral before this Court in hearings on November 6 and November 7, 2006 were as follows:

1. The Debtor, Incredible Auto Sales, L.L.C.

2. Hyundai Motor Finance Company

3. Auto Auction Associates of Montana, Inc. d/b/a Auto Auction of Montana

4. Manheim Services Corporation d/b/a South Seattle Auto Auction.

5. Steve's Auto Sales, Inc.

These parties having appeared in Court and each party have appeared and consulted to the terms specifically, and the Court having approved the use of cash collateral on the following terms:

1. That the Debtor shall be granted cash collateral pursuant to the budgeted expenses for the months of November and December 2006 as set forth on the Proforma and Budget, Debtor's Exhibit 4, page 7 attached. These are specifically $166,194 for November and $170,493 for December 2006.

2. That the Cash Collateral Stipulation and Order shall have an expiration or duration for a period of 45 days from this date November 6, 2007 to December 21, 2006 unless specifically continued either by agreement or by Court order.

3. That since the Debtor's Proforma and Budget did not have any budgeted items for the 14 days in the month of October 2006 and this Chapter 11 case was filed on October 17, 2006 the Debtor shall have permission to use the $166,194.00 budgeted for November and $177,493.00 for all of December. These amounts may be spent per the Proforma and Budget as attached for up to December 21, 2006.

4. That unless consent is granted by the parties and/or a future order of the Court is issued the use of cash collateral will automatically cease on December 21, 2006, unless renewed.

5. That the deposit of funds in the established trust accounts A, B, C, D and E shall continue as described previously in the hearings, the exhibits and the pleadings filed with the Court.

6. That Debtor's profit as previously described in the Hearings, the Exhibits and the Pleadings filed with the Court by the Debtor shall be continued to be

removed and transferred bi-weekly from these depository accounts to the Debtor-in-Possession account so as to pay and fund Debtor expenses as outlined.

7. That Hyundai Motor Finance (hereinafter "Hyundai") shall be paid as soon as this Stipulation is executed and approved by the Court the sum of $99,000.00 to apply to the claims of $2,163,000.00 thus reducing its claim to $2,064,000.00from the following sources:

    A.    The monies held by KIA Motors America for receivables up to September 30, 2006 which are alleged to be $49,000.00 shall be paid to Hyundai. (If these pre-petition receivables prove to be in excess of this amount, for this period up to September 30, 2006, any excess shall also be paid to Hyundai. Receivables due after September 30, 2006 shall be collected by the Debtor and deposited into the Debtor-in-Possession Account;)

    B.    Funds held by Hyundai as of the filing date from the Debtor's pre-petition consumer funding (Martens) in the amount of $23,551.00 shall be applied to the debt by Hyundai, as part of this $99,000 amount.

  C. After the removal of the Debtor's profit from Trust Account A on November 5, 2006 estimated at $10,000.00, the remainder sum shall be paid over and transferred to the Debtor-in-Possession Account and the balance treated as follows:

   1) $23,000.00 to pay off additional lien on Martens transaction and

   2) the remainder of Trust Account A at estimated at $62,000.00 less $10,000.00 as stated above and $23,000.00 in paragraph (1) above will be paid to Hyundai, or $27,000.00 for a total of $99,000.00.

 8. Additionally as ordered by the Court, the approximate estimated amount of $10,000.00 profit in Trust Account B shall be removed and transferred to the Debtor-in-Possession Account to fund the previously approved November 5, 2006 payroll estimated at $35,000.00 and the insurance estimated at $6,000.00.

 9. After the above transactions are completed, Trust Account A and Trust Account B shall continue to be operated to purchase replacement inventory as previously described in the Hearings, the Exhibits and Pleadings filed with the Court.

10. Additionally, the Profits as previously defined in the Debtor's Hearings, the Exhibits and Pleadings filed with the Court shall continue to be transferred and deposited as previously outlined.

11. All trust accounts shall have the signatories only of Kenneth C. Cornelison and Zsaneece Gutierrez who shall also sign all Debtor-in-Possession checks for the Debtor-in-Possession approved expenses.

12. As further adequate protection for Hyundai, the MSOs relating to the List A vehicles and the titles relating to the List B vehicles will be held by Co-Counsel Attorney Clarke B. Rice.

13. These titles shall not be released without proof as follows regarding the sale of either a List A vehicle or List B vehicles:

    A. The completed deal sheet in the form as tendered to the Court as page 2 of Debtor's Exhibit 5 shall be furnished to Hyundai by facsimile transmission;

    B. That proof of the funds deposit has been received and exist in the appropriate trust account; and

      C.      Approval of the transaction by Hyundai after the above proof has been submitted by facsimile transmission to Hyundai.

Should such approval from Hyundai not be forthcoming within 4 hours of submission, Clarke B. Rice shall submit the deal for resolution to Charles W. Hingle or Shane P. Coleman of Holland & Hart, PLLP for resolution understanding that speedy approval is necessary in the auto sales business. Any denial or refusal of approval shall only be based on (a) incomplete or insufficient data or (b) inaccuracies.

14. As additional adequate protection to Hyundai as to use of cash collateral Hyundai and any other auction creditor on request shall receive:

      A.      a copy of daily cash deposits; and

      B.      a copy of a daily bank statement.

15. Additionally, Hyundai shall have reasonable access to the deal jackets and to be able to do flooring checks on a reasonable basis.

16. Every month approximately on the 15th day, a printed recap of the monthly expenses for that previous period shall also be forwarded to Hyundai and any other auction creditors requesting it.

17. The auction cars which are on List B (some 24 vehicles) shall continue to be held and not sold as provided for in the prior stipulations.

18. The parties agree that if no resolution as to the sale of the auction vehicles is reached before the Court convenes its hearings in Billings, Montana on November 14, 2006, this matter shall be placed on the docket that date for a status conference with all the interested parties.

19. Calculations and listing of any unpaid customer lien trade-in payoffs pre-petition or relating to post-petition inventory and on pre-petition sales shall be furnished to those auction creditors and Hyundai within 10 days as requested.

20. The Court shall set a hearing date for cash collateral status or continued hearing for a December date closely before December 21, 2006 so that approved cash payments are not unduly interrupted.

APPROVED by the parties this __ day of November, 2006.

WILLIAM L. NEEDLER and ASSOCIATES

By: /s/ William L. Needler
  WILLIAM L. NEEDLER
  Attorney for Debtor

HOLLAND & HART, LLP

By: _____
  SHANE COLEMAN
  Attorney for Hyundai Motor Finance Company

902 CASHCOLLATERALSTIPULATION
FL 11-13-06

8

902 INCREDIBLE AUTO SALES LLC

CLARKE B. RICE, P.C.

By: /s/ Clarke B. Rice
     CLARKE B. RICE
     Co-Counsel for Debtor
     (406) 254-2500 phone
     (406) 294-2524 fax


| MURPHY, KIRKPATRICK & FAIN, P.L.L.P. | PATTEN, PETERMAN, BEKKEDAHL & GREEN, P.L.L.P |
|---|---|
| By: _____<br>BRUCE F. FAIN<br>Attorney for Auto Auction Associates<br>Sales, of Montana, Inc.<br>(406) 256-9700 phone<br>(406) 256-9755 fax | By: _____<br>JAMES A. PATTEN<br>Attorney for Steve's Auto Inc.<br>(406) 252-8500 phone<br>(406) 294-9500 fax |

LOVELL LAW FIRM, P.C.

By: _____
     CHRISTOPHER P. BIRKLE
     Attorney for Manheim Services Corporation
     d/b/a South Seattle Auto Auction
     cbirkle@lancelovell.com

William L. Needler
William L. Needler and Associates
555 Skokie Blvd Ste 500
Northbrook, IL 60062
(847) 559-8330 ph
(847) 559-8331 fax
Bar ID 02025248
E-Mail: WilliamLNeedler@aol.com

Attorneys for the Debtor
  Incredible Auto Sales LLC

Clarke B. Rice
Clarke B. Rice P.C.
2951 King Avenue West
Billings, Montana 59102
(406) 254-2500 ofc phone
(406) 294-2525 fax
Montana ID # 1289
E-Mail: CLarkerice@imt.net

Co-Counsel for the Debtor
  Incredible Auto Sales LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| **IN RE:** | |
| INCREDIBLE AUTO SALES L.L.C. | Case No. 06-60885-RBK |
| Debtor | Judge Ralph B Kirscher |
| | A Chapter 11 Proceedings For Reorganization |

**NOTICE OF FILING**

  Please be advised that the attached Stipulation as to the Use of Collateral Under

11 USC Section 363 and Adequate Protection under 11 USC Section 361 of the

Bankruptcy Code, Notice of Filing, Certificate of Service and Electronic and Fax Service

List, were filed with the above Bankruptcy Court for the District of Montana on

November 13, 2006.

This Stipulation and other documents are hereby attached and served on you.

Should you have any questions about these documents you may call the

Debtor's Attorneys listed above.


November 13, 2006

/s/ William L. Needler
Attorney for Incredible Auto Sales LLC

### PROOF OF SERVICE

William L. Needler, an Attorney, hereby certifies that the above and foregoing

was filed on November 13, 2006 with the Clerk of the Bankruptcy Court using the

CM/ECF system, which will electronically notify all persons listed with the Court.

    CHRISTOPHER P BIRKLE     lovellaw@hotmail.com
    ALAN C. BRYAN     abryan@crowleylaw.com
    SHANE P. COLEMAN     spcoleman@hollandhart.com,
bbowler@hollandhart.com;vhenry@hollandhart.com;intaketeam@hollandhart.com
    BRUCE F. FAIN     bruce@murphkirk.com, pam@murphkirk.com;amy@murphkirk.com
    CHARLES W. HINGLE     chingle@hollandhart.com,
bbowler@hollandhart.com,mhauck@hollandhart.com,jritchie@hollandhart.com,pmoritz@hollandhart.com,lsawatzke@hollandhart.com
    WILLIAM L NEEDLER     williamlneedler@aol.com
    OFFICE OF THE U.S. TRUSTEE     ustpregion18.gf.ecf@usdoj.gov
    JAMES A. PATTEN     japatten@ppbglaw.com, aschueler!@ppbglaw.com;ESchoemer@ppbglaw.com

I also hereby certify that it was served to the persons listed below by facsimile

service on or before November 13, 2006 from the Attorneys offices.

/s/ William L. Needler

Incredible Auto Sales
Nick Gutierrez
1832 King Avenue West
Billings, MT  59102
(406) 294-2525 fax

Clarke B Rice
2951 King Avenue West
Billings, MT 59102
(406) 294-2525 fax