Charles W. Hingle, #1947
Shane P. Coleman, #3417
Jason S. Ritchie, #7442
Holland & Hart LLP
P. O. Box 639
Billings, MT 59103-0639
Telephone: (406) 252-2166
Fax: (406) 252-1669

Attorneys for Hyundai Motor Finance Company

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE: ) | Case No. 06-60855-RBK |
| ) | |
| INCREDIBLE AUTO SALES, L.L.C., ) | |
| ) | |
| Debtor, ) | |

**EXPEDITED MOTION TO MODIFY STAY,
ALTERNATIVE MOTION FOR APPOINTMENT
OF TRUSTEE AND NOTICE**

The Motion of Hyundai Motor Finance Company (hereinafter "Creditor") respectfully represents:

### BACKGROUND

1.  The Debtor filed a Petition in this Court under Chapter 11 of the Bankruptcy Code on the 17th day of October, 2006.

2.  Creditor is the holder of a secured claim against the Debtor(s), and pursuant to Mont. LBR 4001-1, provides the following information:

    a.  The balance owing to Creditor, excluding any precomputed interest or other unearned charges, was, on information and belief, $2,275,375.82, on the date of bankruptcy.

b. The date upon which the subject debt was incurred was on and after July 27, 2005, pursuant to the Loan Agreement (defined below) providing for advances from time to time under a line of credit from Creditor to Debtor solely for the purpose of purchasing motor vehicle inventory.

c. Creditor holds a security interest or lien upon the following described property of the estate: All inventory, equipment, fixtures, accounts and general intangibles.

d. The nature of Creditor's security interest, the date upon which the security interest was obtained, and the date upon which the security interest was perfected are as follows:

| Exhibit | Date | Instrument |
|---|---|---|
| A | July 27, 2005 | Inventory Loan and Security Agreement (the "Loan Agreement") |
| B | July 27, 2005 | Interest Rate and Charges Addendum |
| C | July 26, 2005 | Financing Statement No. 83548795 |
| D | August 25, 2005 | Financing Statement No. 83946575 |
| E | October 6, 2006 | Financing Statement No. 89380937 |

No proof of claim has been filed so Creditor has attached to this Motion copies of all security agreements, financing statements, titles, and other perfection documents necessary to prove the validity of its security interest.

e. A description of Creditor's collateral, including its location, is as follows: New and used vehicle inventory, parts inventory, equipment and fixtures located at Debtor's places of business in Billings, Montana.

f. The fair market value of Creditor's collateral is, on information and belief, approximately $1,760,000 exclusive of the proceeds of the sale of Debtor's Kia franchise which Creditor estimates is worth no more than $200,000.

g. A description of, and the amounts due upon, any other security interests which have priority over that of Creditor are as follows: Creditor is informed and believes certain creditors secured with individual vehicles taken in trade by Debtor may claim security interests allegedly superior to that of Creditor, as more fully set forth below, but only First Interstate Bank has asserted its interests in two vehicles as of the date of this Motion.

h. If the Debtor is in default, the number of defaulted installments and the total amount in default are as follows: The total delinquent obligation owed by Debtor, including vehicles sold out of trust prior to the date of filing, was, on information and belief, $366,880. Creditor's ability to ascertain the amount of the default has been seriously impaired by movement of certain vehicle collateral, lack of adequate records of transfers by the Debtor, and Debtor's assertion that certain of the collateral, including motor vehicle inventory, although appearing as inventory on the Debtor's motor vehicle lot after the commencement of this case, was sold prior to the date of bankruptcy.

## RELIEF FROM STAY

3. This Motion is made on an expedited basis under and pursuant to of 11 U.S.C. § 362(d)(1), for cause.

4. Other facts which are relevant in determining whether relief should be granted are as follows:

a. As of the date of bankruptcy, Debtor had sold vehicle inventory securing the obligations due Creditor and had failed to remit sales proceeds totaling approximately $366,880. Such proceeds of "sales out of trust" vehicles have not been remitted to Creditor and Debtor does not have such proceeds in its possession. Since the date of bankruptcy, Debtor has continued to sell vehicles subject to Creditor's lien, has segregated some or all of the proceeds of such sales in certain "trust accounts", but has not remitted any of the proceeds thereof to Creditor. Vehicles sold and unpaid now total $628,081.

b. Creditor is informed and believes, by virtue of an audit conducted at Debtor's place of business on November 17, 2006, that Debtor has entered into sham transactions with an affiliate, Graham-Staunton, Inc., dba Incredible Chevrolet. It is Creditor's information and belief that Debtor has "sold" inventory located on its Billings lots to Incredible Chevrolet and received, but has not cashed checks for, such "sales". Some of the vehicles in question may have remained on Debtor's lots and have been sold to third-party consumers but no proceeds of such sales have been remitted to Debtor (or Creditor) and, instead, may have been retained by Incredible Chevrolet.

c. Creditor is informed and believes by virtue of a list provided to counsel by the Debtor that on Wednesday, November 15, 2006, Debtor has failed to pay liens totaling in excess of $250,000.00 on thirty-five vehicles taken in trade both before and after the date of bankruptcy. The list provided to the undersigned is attached hereto as Exhibit F. Motions for relief from stay on two such vehicles have been filed by First Interstate Bank in this case. Consumer

creditors appearing at the Section 341 Meeting November 13, 2006, complained that Debtor had not paid the liens on their trade-ins and that in some case the consumer has been forced to make multiple car payments.

d. Creditor is informed and believes that Debtor has represented to Creditor and at least one other lender that one or more vehicles secure both creditors' loans resulting in so-called "double flooring".

e. As alleged in Adversary Proceeding Nos. 06-00119 and 06-00120, Debtor has purchased numerous vehicles from auto auctions and wholesalers with dishonored checks, has received loan proceeds from Creditor and, in some cases, has resold such vehicles and retained the proceeds without any remittance to Creditor or the auctions and wholesalers.

f. Numerous omissions and irregularities in vehicles and financing documentation by the Debtor have been discovered. For example, Creditor learned at the Section 341 Meeting that documentation of sales was altered by Debtor to reflect dates other than the actual dates of sales.

5. Creditor further represents that in the event the Court grants this Motion, Creditor will seek foreclosure and liquidation of the above-described collateral in accordance with applicable non-bankruptcy law. Upon disposition of such collateral, Creditor will account for all proceeds to the Court and trustee and agrees to turn over any proceeds in excess of Creditor's allowed secured claim to the Court and trustee.

**APPOINTMENT OF A TRUSTEE**

6. Alternatively, this Motion is made under and pursuant to 11 U.S.C. § 1104(a)(1), for cause.

7. The facts described in Paragraph 4 are "cause" for the appointment of a trustee as provided in Section 1104(a)(1). Debtor's actions amount to dishonesty, incompetence or gross mismanagement of its affairs before and after the commencement of this case.

WHEREFORE, Creditor moves the Court to grant it relief from the automatic stay or, in the alternative, to appoint a trustee, and to grant such other relief as the Court may deem appropriate.

DATED this 17th day of November, 20006.

/s/Charles W. Hingle
Charles W. Hingle
Shane P. Coleman
Jason S. Ritchie
Holland & Hart LLP
P. O. Box 639
Billings, MT 59103-0639

Attorneys for Creditor

## NOTICE TO DEBTOR(S)

**If you object to the motion, you must file a written responsive pleading and request a hearing within ten (10) days of the date of the motion. The objecting party shall schedule the hearing and shall include in the caption of the responsive pleading the date, time and location of the hearing by inserting in the caption the following:**
**NOTICE OF HEARING**
**Date: _____**
**Time: _____**
**Location: _____**

**This contested matter shall be scheduled for hearing for the next hearing date scheduled in the division within which the case is filed. The date, time and location of the hearing can be obtained from the Clerk of Court or from the Court's website at www.mtb.uscourts.gov. In the event such scheduled hearing date is thirty (30)**

days beyond the filing date of the motion for relief, then a preliminary hearing within such thirty (30) day period shall be scheduled by the responding party after such party contacts the Clerk of Court to confirm the preliminary telephone hearing date and time, which shall be set forth in the response.

If you fail to file a written response to the above Motion to Modify Stay with the particularity required by Mont. LBF 4001-1(b), and request a hearing, within ten (10) days of the date of this Notice, with service on the undersigned and all parties entitled to service under all applicable rules, then your failure to respond or to request a hearing will be deemed an admission that the motion for relief should be granted without further notice or hearing.

DATED this 17th day of November, 2006.

/s/ Charles W. Hingle
Charles W. Hingle
Attorney for Creditor

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2006, I served a true and correct copy of the foregoing, addressed as follows and by the method shown below:

| | | |
|---|---|---|
| William L. Needler<br>P.O. Box 177<br>Fuller Building Suite H<br>2 North Spruce Street<br>Ogallala NE 69153<br>williamlneedler@aol.com | [ ]<br>[X]<br>[ ] | U.S. Mail, postage prepaid<br>Electronic service<br>Overnight Delivery |
| Clarke B. Rice<br>Clark B. Rice, P.C.<br>2951 King Avenue West<br>Billings, MT 59102 | [X]<br>[ ]<br>[ ] | U.S. Mail, postage prepaid<br>Electronic service<br>Overnight Delivery |
| Office of the U.S. Trustee<br>U.S. Trustee's Office<br>Liberty Center Suite 204<br>301 Central Avenue<br>Great Falls MT 59401 | [ ]<br>[X]<br>[ ] | U.S. Mail, postage prepaid<br>Electronic service<br>Overnight Delivery |
| Bruce F. Fain<br>Murphy, Kirkpatrick & Fain, P.L.L.P.<br>208 North Broadway, Suite 208<br>P.O. Box 429<br>Billings, MT 59103-0429<br>bruce@murphkirk.com | [ ]<br>[X]<br>[ ] | U.S. Mail, postage prepaid<br>Electronic service<br>Overnight Delivery |
| Christopher P. Birkle<br>Lovell Law Firm, P.C.<br>175 North 27th Street, Suite 1206<br>P.O. Box 1415<br>Billings, MT 59101<br>cbirkle@lovellaw.com | [ ]<br>[X]<br>[ ] | U.S. Mail, postage prepaid<br>Electronic service<br>Overnight Delivery |
| James A. Patten<br>Patten, Peterman, Bekkedahl & Green,<br>P.L.L.C.<br>2817 2nd Avenue North, Suite 300<br>Billings, MT 59101<br>japatten@ppbglaw.com | [ ]<br>[X]<br>[ ] | U.S. Mail, postage prepaid<br>Electronic service<br>Overnight Delivery |

9

| | |
|---|---|
| Doug James | [ ]   U.S. Mail, postage prepaid |
| Moulton, Bellingham, Longo & Mather | [X]   Electronic service |
| P.C. | [ ]   Overnight Delivery |
| 27 North 27th Street, Suite 1900 | |
| P.O. Box 2559 | |
| Billings, MT  59103-2559 | |
| james@moultonlawfirm.com | |

/s/ Charles W. Hingle

3633873_2.DOC

9