Charles W. Hingle, #1947
Shane P. Coleman, #3417
Jason S. Ritchie, #7442
Holland & Hart LLP
401 North 31st Street
Suite 1500
P.O. Box 639
Billings, MT 59103-0639
Telephone: (406) 252-2166
Facsimile: (406) 252-1669

Attorneys for Hyundai Motor Finance Co.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| INCREDIBLE AUTO SALES, LLC,<br><br>Debtor. | Bankruptcy No. 06-60855-RBK<br><br>**HMFC'S OBJECTION TO STEVE'S AUTO SALES' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**NOTICE OF HEARING**<br>**Date:** December 5, 2006<br>**Time:** 10:00 a.m.<br>**Location:** Butte, Montana |

Hyundai Motor Finance Company ("HMFC") objects to the Motion for Relief from the Automatic Stay (dkt. 67) filed by Steve's Auto Sales, Inc. ("Steve's Auto Sales") on the following grounds:

1. HMFC is Debtor's "flooring line" lender. HMFC holds a properly perfected security interest in, *inter alia*, "[a]ll inventory of new and used motor vehicles and other personal property held for sale or lease including, but not limited to, display or demonstration items, returns and repossessions, and all accessories and additions thereto." HMFC's security interest is evidenced by an Inventory Loan and Security

Agreement, an Addendum, and three financing statements filed with the Montana Secretary of State's office. Each of these documents were admitted without objection as HMFC's Exhibits 1-5 at the November 6, 2006, hearing on Debtor's Motion for Use of Cash Collateral. See Record of Exhibits Introduced (dkt. 50).

2. Steve's Auto Sales seeks to retake possession of certain vehicles that it delivered to the Debtor's car lot pre-petition, but for which Debtor never paid (the "Subject Vehicles"). All of the Subject Vehicles are at issue in an adversary proceeding pending before this Court under Adversary No. 06-00119 (the "AAAM Adversary Case"). In the AAAM Adversary Case, the Court has entered a preliminary injunction Order (adv. dkt. 14) approving the parties' stipulation that Debtor not be permitted to dispose of the Subject Vehicles. Steve's Auto Sales' Motion seeks relief in direct contravention of that Order. The proper place for Steve's Auto Sales to assert its interest in the Subject Vehicles is in the AAAM Adversary Case and not on a motion for relief from stay.

3. HMFC's interest in the Subject Vehicles is superior to Steve's Auto Sales' claim.

    a. For a security interest to attach, (1) the lender must give value, (2) the debtor must have rights in the collateral, and (3) the debtor must sign a security agreement describing the collateral. Mont. Code Ann. § 30-9A-203 (2005). HMFC clearly gave value (i.e., it advanced funds on Incredible's line of credit), and Incredible signed a security agreement granting HMFC a security interest in its inventory and after-acquired inventory. (HMFC Ex. 1) The only issue on Steve's Auto Sales' claim is whether the Debtor acquired "rights in the collateral."

2

b. Debtor acquired rights in the collateral as soon as legal title passed from Steve's Auto Sales to the Debtor, at the latest.

c. The fact that Steve's Auto Sales still holds physical possession of certificates of title for the Subject Vehicles is irrelevant to transfer of title.

d. Delivery of the vehicles – not the certificates of title – determines when title to the vehicles transferred. The legal concept of the passing of "title" under the UCC is completely different from, and independent of, the physical delivery of written "certificates of title" for goods. The UCC applies two different rules to the significance of delivery of certificates of title, depending upon whether the goods are physically delivered to the buyer. Compare Mont. Code Ann., § 30-2-401(2) with § 30-2-401(3).

e. Subsection 401(2) makes clear that title to goods passes when the goods are delivered, regardless of reservation of title:

> (2) Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes performance with reference to the **delivery of the goods**, despite any reservation of a security interest and **even though a document of title is to be delivered at a different time or place**; and in particular and despite any reservation of a security interest by the bill of lading:
>
> (a) if the contract requires or authorizes the seller to send the goods to the buyer but does not require the seller to deliver them at destination, title passes to the buyer at the time and place of shipment; but
>
> (b) if the contract requires delivery at destination, title passes on tender there.

Mont. Code Ann., § 30-2-401(2) (emphasis added).

f. The delivery of a certificate of title is relevant and determines the passing of title **only** where the goods are not physically delivered to the buyer:

> (3) Unless otherwise explicitly agreed **where delivery is to be made without moving the goods,**
>
> (a) if the seller is to deliver a tangible document of title, title passes **at the time when and the place where the seller delivers such documents** and if the seller is to deliver an electronic document of title, title passes when the seller delivers the document; or
>
> (b) if the goods are at the time of contracting already identified and no documents of title are to be delivered, title passes at the time and place of contracting.

Mont. Code Ann., § 30-2-401(3) (emphasis added).

      g.    In the motor vehicle context particularly, the Montana Supreme Court has made clear that transfer of title to motor vehicles is determined by the UCC, namely Mont. Code Ann., § 30-2-401. *Safeco Ins. Co. v. Lapp*, 215 Mont. 196, 200, 695 P.2d 1310, 1313 (1985).

> The sale of an automobile is a transaction in goods within the meaning of the Uniform Commercial Code .... Section 30-2-401, MCA, deals with passage of title under the Commercial Code.

*Id.* When vehicles are physically delivered to the buyer, title passes to the buyer upon delivery even if certificates of title are not delivered until later. *Id.* (holding that seller "relinquished all its legal rights to the vehicle even though it still had the statutory duties relating to the transfer of certificate of ownership").

      h.    Steve's Auto Sales' own Motion admits the critical fact at issue: the Subject Vehicles were physically delivered to Debtor pre-petition.

> The Debtor has possession of nine motor vehicles described more as follows: ...
>
> ...
>
> The debtor received possession before the commencement of this case but did not tender payment for the vehicles.

Steve's Auto Sales' Motion, p. 2.

    i.    HMFC's security interest in inventory attached to the Subject Vehicles as soon as title passed to Debtor – i.e., when the Subject Vehicles were physically delivered to Debtor.

    j.    Because legal title passed to the Debtor, Steve's Auto Sales' claim can only be one for reclamation – i.e., to reclaim goods that were sold. 11 U.S.C. § 546(c); Mont. Code Ann., § 30-2-702.

    4.    HMFC's security interest in the Subject Vehicles is superior to Steve's Auto Sales' purported right of reclamation.

    a.    Section 546(c) of the Bankruptcy Code is the mechanism by which vendors may exercise their UCC reclamation rights. Under Mont. Code Ann., § 30-2-702(3), vendors' reclamation rights are subject to the rights of any "buyer in ordinary course or other good faith purchaser," which include secured lenders. Thus, sellers relying on Section 546(c) to reclaim property, must reclaim such personal property subject security interests that attach to the property.

    b.    The 2005 amendments to the Bankruptcy Code make this point particularly clear. Section 546(c) now expressly states that any reclamation rights pursued under section 546(c) are "**subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof**." 11 U.S.C. § 546(c) (emphasis added). Commentators note that this amendment "confirms the proposition that a security interest in goods subject to reclamation is **prior to** the rights of the reclaiming creditor." Hon. Wm. Houston Brown and Lawrence R. Ahern III, *2005 Bankruptcy Reform Legislation with Analysis* (2005), p. 104 (emphasis added). Thus, Section

546(c) does not permit Steve's Auto Sales to reclaim the Subject Vehicles without first repaying HMFC the full amount of its security interest.

    c.    Even before the 2005 amendment, other courts made clear that a flooring plan lender's security interest in after acquired property is superior to an unpaid cash seller's reclamation right. "Most courts have treated 'a holder of a prior perfected, floating lien on inventory ... as a good faith purchaser with rights superior to those of a reclaiming seller.'" *In re Arlco, Inc.*, 239 B.R. 261 (S.D.N.Y. 1999) (collecting cases); *see also In re Victory Markets Inc.*, 212 B.R. 738, 742 (Bankr. N.D.N.Y. 1997) (*citing Stowers v. Mahon (In re Samuels & Co.)*, 526 F.2d 1238, 1242-43 (5th Cir.1976)); *In re Child World, Inc.*, 145 B.R. 5, 7 (Bankr. S.D.N.Y. 1992); *Sandoz Pharmaceuticals Corp. v. Blinn Wholesale Drug Co., Inc. (In re Blinn Wholesale Drug Co., Inc.)*, 164 B.R. 440, 443 (Bankr.E.D.N.Y.1994); *Isaly Klondike Co. v. Sunstate Dairy & Food Products Co. (In re Sunstate Dairy & Food Products Co.)*, 145 B.R. 341, 344 (Bankr. M.D. Fla. 1992); *In re Leeds Building Products, Inc.*, 141 B.R. 265, 268 (Bankr. N.D. Ga. 1992); *Leeds*, 141 B.R. at 268; *House of Stainless, Inc. v. Marshall & Ilsley Bank*, 249 N.W.2d 561, 567 (Wis. 1977) (*citing, In re Hayward Woolen Co.*, 3 U.C.C.Rep.Serv. 1107, 1111-12 (Bankr. D. Mass.1967); *First-Citizens Bank & Trust Co. v. Academic Archives*, 179 S.E.2d 850, 853 (N.C. App. 1971); *Guy Martin Buick, Inc. v. Colorado Springs Nat. Bank*, 519 P.2d 354, 358 (Colo. 1974)).

    5.    HMFC's security interest in the Subject Vehicles is superior to any claim Steve's Auto Sales' secured creditors may have once had in the Subject Vehicles, because Steve's Auto Sales' lenders' alleged prior security interests terminated upon transfer of legal title to the Subject Vehicles.

      a.     "[A] buyer in ordinary course of business ... takes free of a security interest created by the buyer's seller, even if the security interest is perfected and the buyer knows of its existence." Mont. Code Ann. § 30-9A-320(1) (2005).

      b.     A "buyer in ordinary course of business" is a person (including Debtor) "that buys goods, in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person ... in the business of selling goods of that kind." Mont. Code Ann. § 30-1-201(2)(j) (2005).

      c.     Debtor was a buyer in the ordinary course of business when it purchased the Subject Vehicles. No evidence suggests that Steve's Auto Sales somehow "violate[d] the rights of" its secured lenders by selling the vehicles to Debtor. Nor is there any evidence that Debtor **knew** that Steve's Auto Sales was violating the rights of its lenders by selling Debtor the vehicles. The evidence is exactly to the contrary. Steve's Auto Sales is in the business of selling vehicles. By definition, Debtor is a buyer in the ordinary course of business because it purchased the Subject Vehicles from Steve's Auto Sales. It is irrelevant that Debtor filed bankruptcy before tendering payment and that Steve's Auto Sales failed to deliver the certificates of title to Debtor, because title to the vehicles legally transferred to Debtor upon delivery of the Subject Vehicles, pursuant to Mont. Code Ann., § 30-2-401(2).

      d.     Furthermore, "[o]nly a buyer that takes possession of the goods or has a right to recover the goods from the seller under Chapter 2 may be a buyer in the ordinary course of business." *Id.* Debtor took possession of the automobiles, so it is a buyer in ordinary course of business.

  e. Debtor is a buyer in ordinary course of business because: (1) Steve's Auto Sales created the alleged security interests, (2) Steve's Auto Sales is in the business of selling automobiles, and (3) Incredible took possession of the Subject Vehicles.

  f. The sale of the Subject Vehicles occurred when the automobiles were delivered to Debtor's lot. Debtor took the automobiles free and clear of any prior security interest of Steve's Auto Sales' lender.

  6. For the foregoing reasons, the Court must DENY the Motion for Relief from Automatic Stay filed by Steve's Auto Sales.

  DATED this 22nd day of November, 2006.

/s/ Shane P. Coleman
Charles W. Hingle
Shane P. Coleman
Jason S. Ritchie
Holland & Hart LLP
P. O. Box 639
Billings, MT  59103-0639

Attorneys for Creditor

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2006, I served a true and correct copy of the foregoing, addressed as follows and by the method shown below:

| | |
|---|---|
| William L. Needler<br>P.O. Box 177<br>Fuller Building Suite H<br>2 North Spruce Street<br>Ogallala NE 69153<br>williamlneedler@aol.com | [ ] U.S. Mail, postage prepaid<br>[X] Electronic service<br>[ ] Overnight Delivery |
| Clarke B. Rice<br>Clark B. Rice, P.C.<br>2951 King Avenue West<br>Billings, MT 59102 | [X] U.S. Mail, postage prepaid<br>[ ] Electronic service<br>[ ] Overnight Delivery |
| Office of the U.S. Trustee<br>U.S. Trustee's Office<br>Liberty Center Suite 204<br>301 Central Avenue<br>Great Falls MT 59401 | [ ] U.S. Mail, postage prepaid<br>[X] Electronic service<br>[ ] Overnight Delivery |
| Bruce F. Fain<br>Murphy, Kirkpatrick & Fain, P.L.L.P.<br>208 North Broadway, Suite 208<br>P.O. Box 429<br>Billings, MT 59103-0429<br>bruce@murphkirk.com | [ ] U.S. Mail, postage prepaid<br>[X] Electronic service<br>[ ] Overnight Delivery |
| Christopher P. Birkle<br>Lovell Law Firm, P.C.<br>175 North 27th Street, Suite 1206<br>P.O. Box 1415<br>Billings, MT 59101<br>cbirkle@lovellaw.com | [ ] U.S. Mail, postage prepaid<br>[X] Electronic service<br>[ ] Overnight Delivery |
| James A. Patten<br>Patten, Peterman, Bekkedahl & Green, P.L.L.C.<br>2817 2nd Avenue North, Suite 300<br>Billings, MT 59101<br>japatten@ppbglaw.com | [ ] U.S. Mail, postage prepaid<br>[X] Electronic service<br>[ ] Overnight Delivery |

| | |
|---|---|
| Doug James<br>Moulton, Bellingham, Longo & Mather P.C.<br>27 North 27th Street, Suite 1900<br>P.O. Box 2559<br>Billings, MT 59103-2559<br>james@moultonlawfirm.com | [ ] U.S. Mail, postage prepaid<br>[X] Electronic service<br>[ ] Overnight Delivery |
| Alan C. Bryan<br>490 North 31st Street, Suite 500<br>P.O. Box 2529<br>Billings, MT 59101<br>abryan@crowleylaw.com | [ ] U.S. Mail, postage prepaid<br>[X] Electronic service<br>[ ] Overnight Delivery |

/s/ Shane P. Coleman

3635268_1.DOC