William L. Needler
William L. Needler and Associates
555 Skokie Blvd Ste 500
Northbrook, IL 60062
(847) 559-8330 ph
(847) 559-8331 fax
Bar ID 02025248
E-Mail: WilliamLNeedler@aol.com

Attorneys for the Debtor
    Incredible Auto Sales LLC

Clarke B. Rice
Clarke B. Rice P.C.
2951 King Avenue West
Billings, Montana 59102
(406) 254-2500 ofc phone
(406) 294-2525 fax
Montana ID # 1289
E-Mail: Clarkerice@imt.net

Co-Counsel for the Debtor
    Incredible Auto Sales LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| **IN RE:**<br><br>INCREDIBLE AUTO SALES L.L.C.<br><br>                Debtor | Case No. 06-60855-RBK<br><br>Judge Ralph B Kirscher<br><br>A Chapter 11 Proceedings<br>For Reorganization |

**DEBTOR'S ADDITIONAL MOTION TO BE EXTENDED TO REQUEST THAT THE STIPULATION AS TO USE OF CASH COLLATERAL PREVIOUSLY FILED WITH THE COURT BE APPROVED AND CASH USAGE INCLUDE BUDGETED EXPENDITURES THROUGH FEBRUARY 28, 2006.**

    NOW COMES the Debtor, Incredible Auto Sales LLC as listed above and

respectfully requests this Court to issue two Orders as follows:

A.) Order approving Cash Collateral Usage by the Debtor pursuant to the Stipulation as previously filed with this Court, and

B.) Order that Cash Collateral Usage be extended to include the Budgeted Expenditures through February 28, 2007; and

C.) Such other and further relief as is ordinary and necessary to implement the above.

IN SUPPORT hereto, the Debtor Incredible auto Sales L.L.C. States as follows:

1.) This Debtor, a new and used car dealer which owns a Kia Franchise located at 1832 King Avenue, Billings, Montana filed a Chapter 11 on 10/17/06.

2.) Shortly after filing, an Emergency Motion to Use Cash Collateral was filed with the Court and Noticed to All Creditors and Interested Parties.

3.) Hyundai Motor Finance, the Pre petition Floor Plan Lender to this Debtor (hereinafter Hyundai) holds a first lien claim on all the assets of this Debtor.

4.) These assets are fully detailed on <u>Debtor's Exhibit 3</u>, attached hereto [This Exhibit was previously filed with the Court and admitted without objection in this Court's initial hearing on this Motion.]

5.) This <u>Exhibit 3</u>, shows the claim of Hyundai at $2,163,000.  This claim amount was also used in the hearing and again without any objection by Hyundai.  [At this juncture, apparently Hyundai claims this amount to be $100,000 higher – obviously Hyundai can submit their higher figure in their Proof of Claim and the Stipulation to Use Collateral will not prevent this.]]

6.)   The assets securing this Hyundai claim exceed the Hyundai claim by over $1,000,000.

7.)   This large excess of collateral held by Hyundai gives Hyundai an equity cushion in excess of 60%.

8.)   By all Court decisions in this Country, a 60% cushion is more than adequate to protection to Use Cash Collateral.

9.)   These Cash Collateral matters with Exhibits together with the Hyundai objections and those of the Auto Auction Parties present were all heard in Billings, Montana by this Court on November 6, 2006 and November 7, 2006.

10.)  As a result of these hearings the Court entered the following docket entry.

| 11/07/2006 | Minutes of Hearing Held ON 11/06 AND 11/07/06; WILLIAM L NEEDLER AND CLARKE B RICE, ATTORNEY FOR INCREDIBLE AUTO SALES LLC, BRUCE F. FAIN, ATTORNEY FOR AUTO AUCTION ASSOCIATES OF MONTANA, INC, SHANE COLEMAN, ATTORNEY FOR HYUNDAI MOTOR FINANCE CO, JAMES A. PATTEN, ATTORNEY FOR STEVE'S AUTO SALES INC, SHANE P. COLEMAN, ATTORNEY FOR HYUNDAI MOTOR FINANCE CO AND CHRISTOPHER P BIRKLE, ATTORNEY FOR MANHEIM SERVICES CORPORATION. WITNESSES: WILLIAM O'CONNOR, NICK GUTIERREZ, DALE UENO. 1) MOTION FOR USE OF CASH COLLATERAL IS AGREED TO BY THE PARTIES AND MONIES TO BE DISBURSED FOR PAYROLL AND INSURANCE EFFECTIVE TODAY; 2) AS TO THE BALANCE, NEEDS TO BE SUBMITTED IN WRITING AND FILED WITH PROPOSED ORDER BY MONDAY, NOVEMBER 13, 2006; 3) REGARDING CARS IN ADVERSARY, AUCTION PARTIES AND DIP TO MEET AND FILE A REPORT TO THE COURT BY NOVEMBER 14, 2006. (Myers, Lynn) (Entered: 11/07/2006) |
|---|---|

11.)  Even though Hyundai had through its Attorney Shane Coleman and its representative Dale Ueno consented to this Cash collateral Usage as set

forth above, Hyundai's Attorneys have still steadfastly refused to sign the Stipulation. (See <u>Exhibit 1</u> attached hereto.)

12.) All parties except for Hyundai have signed off.

13.) To date, this Court has refused to enter an Order approving a Use of Collateral except for two payrolls and an expenditure for insurance.

14.) It is now 47 days since the Debtor filed Chapter 11 and although moneys have been paid over to Hyundai to reduce its pre petition claim, daily reports have been filed with Hyundai and the management of the Debtor has been changed – Hyundai refuses to sign the Stipulation.

15.) Worse than this the Court has not issued any Orders implementing the consents given on 11/07/06 docket entry to allow the Debtor to operate on a normal basis.

16.) The Debtor filed Exhibits contemporaneously with this Court showing Cash in Bank of over $267,000.00; (See New <u>Exhibit 12</u>, filed 12/3/06), and Profit and Loss Statement for October 17 to November 30th showing a negative $17,200; ( See <u>Exhibit 10</u> filed 12/3/06.)

17.) Such a loss in the Chapter 11 is diminimous considering that no moneys were made available by this Court for Advertising and that employee payrolls have been approved a couple of days late each time and now the Monday payroll will itself also be late.

18.) These actions tie the hands of the Debtor and its employees unfairly and can lead to such losses that the sale of the franchise could be made impossible.

19.) The current revised budgetary needs of the Debtor are attached as Debtor's <u>Exhibit 11</u>. This is revised for November to $48,576 and includes December for $154,116 and expenses for January and February also.

20.) It is extremely costly to the Debtor to be required to continually return to Court on a matter which was previously consented to.

21.) It should be obvious to this Court, that the immediate issuance of Order as to the revised Use of Collateral for November, December and January and February would be in the best interests of the Debtor, all the Creditors and also Hyundai Financial.

22.) Further delay just costs money.

WHEREFORE, the Debtor requests this Court to issue two Orders as follows:

A.) Order approving Cash Collateral Usage by the Debtor pursuant to the Stipulation as previously filed with this Court, and

B.) Order that Cash Collateral Usage be extended to include the Budgeted Expenditures through February 28, 2007; and

C.) Such other and further relief as is ordinary and necessary to implement the above.

December 3, 2006

<u>/s/ William L. Needler</u>
William L. Needler
Attorneys for the Debtor
Incredible Auto Sales LLC

## **NOTICE TO HYUNDAI MOTOR FINANCE AND INTERESTED PARTIES**

If you object to the motion, you must file a written responsive pleading and request a hearing within ten (10) days of the date of the motion. The objecting party shall schedule the hearing and shall include in the caption of the responsive pleading the date, time and location of the hearing by inserting in the caption the following:

NOTICE OF HEARING

Date :_____

Time: _____

Location: _____


This contested matter shall be scheduled for hearing for the next hearing date scheduled in the division within which the case is filed. The date, time, and location of the hearing can be obtained from the Clerk of Court or from the Court's website at www.mtb.uscourts.gov. In the event such scheduled hearing date is thirty (30) days beyond the filing date of the motion for relief, then a preliminary hearing within such thirty (30) day period shall be scheduled by the responding party after such party contacts the Clerk of Court to confirm the preliminary telephone hearing date and time, which shall be set forth in the response.

If you fail to file a written response to the above Motion with the particularity required by Mont. LBR 4001-1(b), and request a hearing, within ten (10 ) days of the date of this Notice, with service on the undersigned and all parties entitled to service under all applicable rules, then your failure to respond or to request a hearing will be deemed an admission that the motion should be granted without further notice or hearing.

## **PROOF OF SERVICE**

William L. Needler, an Attorney, hereby certifies that the above and foregoing was filed on December 3, 2006 with the Clerk of the Bankruptcy Court using the CM/ECF system, which will electronically notify all persons listed with the Court.

   CHRISTOPHER P BIRKLE    lovellaw@hotmail.com
   ALAN C. BRYAN    abryan@crowleylaw.com
   SHANE P. COLEMAN    spcoleman@hollandhart.com,
   bbowler@hollandhart.com;vhenry@hollandhart.com;intaketeam@hollandhart.com
   BRUCE F. FAIN    bruce@murphkirk.com, pam@murphkirk.com;amy@murphkirk.com
   CHARLES W. HINGLE    chingle@hollandhart.com,
   bbowler@hollandhart.com,mhauck@hollandhart.com,jritchie@hollandhart.com,pmoritz@hollandhart.com,lsawatzke@hollandhart.com
   WILLIAM L NEEDLER    williamlneedler@aol.com
   OFFICE OF THE U.S. TRUSTEE    ustpregion18.gf.ecf@usdoj.gov
   JAMES A. PATTEN    japatten@ppbglaw.com, aschueler!@ppbglaw.com;ESchoemer@ppbglaw.com

I also hereby certify that it was served by facsimile on November 28, 2006 from the Attorneys offices.

                                                                                  /s/ William L. Needler

Incredible Auto Sales
Ken Cornelison
1832 King Avenue West
Billings, MT  59102
(406) 294-2525 fax

Clarke B Rice
2951 King Avenue West
Billings, MT 59102
(406) 294-2525 fax