Steven M. Johnson, Esq.
Montana Bar No. 1835
CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.
21 Third Street North, Third Floor
P. O. Box 1645
Great Falls, Montana 59403-1645
Telephone: (406) 761-3000;Facsimile: (406) 453-2313
E-mail: sjohnson@chjw.com

Attorneys for First Advantage Credco

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE: ) | No. 06-60855-RBK |
| ) | |
| INCREDIBLE AUTO SALES, LLC ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

**MOTION OF FIRST ADVANTAGE - CREDCO TO COMPEL DEBTOR-IN-POSSESSION TO ASSUME OR REJECT EXECUTORY CONTRACT OR, ALTERNATIVELY, FOR ORDER PROHIBITING OR CONDITIONING USE OF CREDCO'S SERVICES, FOR RELIEF OF STAY, FOR ADEQUATE ASSURANCE, AND NOTICE**

**TO THE HONORABLE RALPH B. KIRSCHER, UNITED STATES BANKRUPTCY JUDGE:**

1. First Advantage - Credco (hereinafter "Credco"), a creditor of the above-captioned Chapter 11 Debtor-in-possession, through its undersigned counsel, moves the Court, pursuant to 11 U.S.C. 365(d)(2), Federal Rule of Bankruptcy Procedure 6006(b), LBR 9013-1, 11U.S.C. § 361(1), and 28 U.S.C. § 157(b)(2)(A), (D), (M), and (O) for its Order requiring the Debtor to assume or reject immediately its

287560.1                                    1

executory contract dated April 29, 2005 (hereinafter the "Contract") between Credco and the Debtor as an executory contract. Under said Contract, the Debtor is authorized to order and obtain from Credco consumer credit reports on Debtor's customers who wish to purchase vehicles from the Debtor in the course of Debtor's business. In the alternative, Credco moves the Court pursuant to 11 U.S.C. § 361(1), § 362(d)(1), and § 363(e), and Bankruptcy Rule 4001(a)(1) and 28 U.S.C. § 157(b)(2)(A) and (M), for its Order prohibiting further use by the Chapter 11 Debtor-in-Possession of its rights under the Contract to order credit reports or to make use of other services from Credco for use in the Debtor's business or otherwise and terminating the automatic stay of 11 U.S.C. § 362(a) under § 362(d)(1) of the Code for cause to permit Credco to terminate the Contract and to refuse to provide the Debtor with any credit reports or other services under the Contract, or prohibiting or conditioning the Debtor's use of the Contract with Credco, as is necessary to provide Credco with adequate assurance of payment of prepetition and postpetition defaults and on-going postpetition fees owing to Credco under the terms of the Contract.

2. Credco is in the business of providing consumer credit reports, including so-called Merge consumer credit reports which combine credit reports from a number of different credit bureaus into one readable, easily used report, for businesses and creditors which entitled to procure credit reports in the ordinary course of their business operations pursuant to the terms of the Federal Fair Credit Reporting Act (FFCRA), in exchange for payment to Credco of its contractual fees for such services. In addition, qualified businesses can contract with Credco for additional,

add-on products such as reports of consumer credit scores and consumer identification verification. The Debtor placed an application with Credco prepetition to enroll for Credco's services and provided information to show that it was entitled under the FFCRA to access consumer credit reports. On or about April 29, 2005, the Debtor entered into the Contract with Credco, entitling the Debtor to order and obtain consumer credit reports of its customers or prospective customer in exchange for fixed prices for each credit report. The amount of the charge for each credit report or other service varied with the type of report or add-on service requested and obtained by the Debtor. A true and accurate copy of the signature page of that Contract showing the authorized signature of the Debtor is attached hereto as Exhibit "A".[1] The charges for the various kinds of credit reports provided by Credco and for Credco's add-on services are shown by Exhibit "B" hereto, entitled "Instant Merge Pricing."

3. On October 17, 2006, the Debtor commenced its reorganization case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its properties and is operating its business, as a Debtor-in-Possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code, without, however, paying either its prepetition or continuing postpetition obligations under the aforementioned executory contract between the Debtor and Credco.

4. That Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] Only the signature page of the Contract between Credco and the debtor could be located.

287560.1                                    3

5. The Debtor has been using, prepetition and post-petition, Credco's services under the Contract in its business operations, but has failed and refused to pay the charges for those services as required by Credco and by the Contract.

6. Prior to filing its Chapter 11 petition herein, Debtor had failed to pay, and was in default to Credco for the sum of $9,041.62 as of the date of the Debtor's Chapter 11 filing. The balance owing to Credco has increased, postpetition, to $9,064.33 as of December 11, 2006.

7. After the filing of its petition herein, the Debtor has failed to pay charges owing to Credco for Debtor's continuing order of credit reports and use of Credco's services under the Contract. Pursuant to 11 U.S.C. § 362, movant is stayed from the commencement or continuation of any court or other proceeding against the Debtor to collect the amounts owing to it by the Debtor and wishes either to be paid for its prepetition or postpetition services under the Contract or to be permitted by appropriate order of the Bankruptcy Court to terminate the Contract and to terminate any further provision of services to the Debtor.

8. The Debtor has continued to use Credco's services since the date of its filing of its Chapter 11 petition, but the Debtor has failed to pay for either the prepetition or for those postpetition services by Credco, which services the Debtor is using in its business to generate revenue. Despite the Debtor's prepetition and postpetition defaults under the Contract, the Debtor has neither offered to promptly cure its prepetition and postpetition defaults under the contract, nor has the Debtor provided any adequate assurance that it will promptly cure such defaults. The Debtor has neither compensated nor provided adequate assurance to Credco that it will

287560.1                                  4

promptly compensate Credco for its actual pecuniary loss resulting from the Debtor's prepetition and postpetition defaults; Credco's pecuniary loss includes the costs and attorney fees incurred in seeking legal representation of its rights in the above-captioned Chapter 11 case and in filing this Motion.

9. Credco is prejudiced by Debtor's delay in deciding whether to assume or reject the Agreement because it is being deprived of its right to be treated properly as the holder of an executory contract and because Credco's threatened or potential loss continues to grow with the Debtor's on-going use of Credo's services postpetition. In addition, Debtor's delay in paying Credco under the Contract has caused Credco to incur legal fees in bringing the instant motion, which are chargeable to the Debtor under § 365 of the Bankruptcy Code as actual pecuniary loss resulting from Debtor's default under the Contract. To date, the Debtor has not offered to provide Credco with any adequate assurance of payment of the amount of Debtor's prepetition or postpetition defaults under the Contract. Credco should be granted an administrative claim for the postpetition amounts owed to it by Debtor, and Debtor should be required to pay for continued postpetition use of Credco's services, or, if no adequate assurance of past and future charges is given immediately, Credco should be permitted to terminate the Contract immediately.

WHEREFORE, Credco prays for relief as follows:

1. For an Order of this Court pursuant to 11 U.S.C. § 365(d)(2) and Federal Rule of Bankruptcy Procedure 6006(b) requiring the Debtor-in-Possession to determine immediately whether it will assume or reject the aforementioned Contract; requiring the Debtor-in-Possession, if it moves to assume the Contract, to cure all prepetition

and postpetition defaults under the aforementioned Contract, to compensate Credco for its pecuniary loss (including its attorney fees) resulting from such defaults, and to provide adequate assurance of future performance in accordance with the mandates of 11 U.S.C. § 365(b), and that pending the assumption or rejection of the Contract and in the event of assumption, the Debtor-in-Possession be directed to make all future payments of said obligations as they become due;

2. Alternatively, for an Order prohibiting Debtor for the use of Credco's services by the Debtor, or conditioning such use on the Debtor curing the prepetition and postpetition defaults and making on-going payments to Credco as required by the Contract, and by declaring all postpetition amounts owing to Credco to be a necessary and reasonable administrative expense for Debtor's continuing use of Credco's services; and

3. For the Court's Order granting movant such other and further relief as the Court may deem just and equitable.

DATED this 2nd day of January, 2006.

CHURCH HARRIS JOHNSON & WILLIAMS, P.C.

By: /s/ Steven M. Johnson
    Steven M. Johnson
    21 Third Street North, 3rd Floor
    P.O. Box 1645
    Great Falls, MT.59403-1645
Attorneys for First Advantage - Credco

## NOTICE

If you object to the motion, you must file a written responsive pleading and request a hearing within ten (10) days of the date of the motion. The responding party shall schedule the hearing on the motion at least 20 days after the date of the response and request for hearing and shall include in the caption of the responsive pleading the date, time and location of the hearing by inserting in the caption the following:

**NOTICE OF HEARING**
**Date:** _____
**Time:** _____
**Location:** _____

If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.

DATED this 2nd day of January, 2006.

CHURCH HARRIS JOHNSON & WILLIAMS, P.C.


By: /s/ Steven M. Johnson
    Steven M. Johnson
    21 Third Street North, 3rd Floor
    P.O. Box 1645
    Great Falls, MT.59403-1645
Attorneys for First Advantage Credco

## CERTIFICATE OF MAILING

Under penalty of perjury, I, the undersigned, do hereby certify that a copy of the within and foregoing **MOTION OF FIRST ADVANTAGE - CREDCO TO COMPEL DEBTOR-IN-POSSESSION TO ASSUME OR REJECT EXECUTORY CONTRACT OR, ALTERNATIVELY, FOR ORDER PROHIBITING OR CONDITIONING USE OF CREDCO'S SERVICES, FOR RELIEF OF STAY, FOR ADEQUATE ASSURANCE, AND NOTICE** was served electronically by ECF or was deposited in the U.S. Mail and mailed by first class mail, postage prepaid, on the 2nd day of January, 2007, at Great Falls, Montana, and directed to the following:

>Clark B. Rice, Esq.
>(Via ECF)
>
>William L. Needler, Esq.
>(Via ECF)
>
>Office of the U.S. Trustee
>(Via ECF)

>/s/ Steven M. Johnson
>Steven M. Johnson

CONFIDENTIAL

19. If Client orders OFAC Screening Service, FAC Screening Services, Identity Verification or Fraud Prevention Products, Client acknowledges and agrees to comply with and abide by the additional terms and requirements set forth in Exhibit "B", attached hereto and incorporated herein by reference.

20. Client certifies that it will order Credit Reports solely for one or more of the following purposes and for no other purpose (Client must check only those that apply, and, below Client's signature to this Agreement, declare all intended uses of Credit Reports):

- [X] a. In connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer
- [ ] b. In connection with underwriting of insurance involving the consumer
- [ ] c. as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation

21. The person signing below represents and warrants that he or she (1) has the necessary authority to bind the principal(s) set forth below, and (2) is authorized and hereby consents for Client to receive faxes, including, but not limited to fax advertisements, sent by or on behalf of FAC and its affiliates to the fax number(s) indicated below.

Company Name (please print): **Incredible Auto Sales LLC / Incredible Kia**
Street Address (no P.O. Boxes): **1832 King Ave. West**
City: **Billings** Suite: ___
Signature: X **[signed]** State: **MT** Zip: **59102**
Print Name: **R. Nick Gutierrez** Date: **4/29/05**
Fax No: **406-652-3487** Title: **Owner**

Intended Use of Credit Reports (identify all uses): **Auto Financing**

Additional locations covered by this Agreement:
(List each physical address or attach a separate listing on company letterhead)

Confirmed ᴱᴱᶜ 5/3/05

EXHIBIT "A"



12395 First American Way | Poway CA 92064 | 800.694.1414

CONFIDENTIAL

### Instant Merge® Pricing

The cost of an Instant Merge credit report is based upon the number of bureaus accessed per applicant, per report. You have the ability to access any combination of the three national credit bureaus (Experian®, Equifax®, TransUnion). Merged two or three bureau reports combine data from the bureaus into a single format and eliminate duplicate data. This generates a credit report that is comprehensive, streamlined and easy-to-read.

| Access Type | Single Experian & TransUnion Report | Single Equifax Report | Two Bureau Merged Report Experian & TransUnion | Three Bureau Merged Report |
|---|---|---|---|---|
| Individual | $ 2.65 | $ 2.90 | $ 7.00 | $ 9.50 |
| Joint | $ 5.15 | $ 5.65 | $ 11.00 | $ 16.00 |

Note:
- A fee of $2.25 is charged for a duplicate report pulled on the same customer using the exact input information within five days of the original inquiry.
- Applicable sales tax may apply to Activation Fee.
- A $0.13 FACT Act surcharge will apply to all credit reports ordered on all consumers.
- A $0.75 surcharge will apply to all credit reports ordered on consumers with current Colorado addresses.

### Add-on Products

Add-on products for Instant Merge include all Fair, Isaac® (FICO) credit scores, bankruptcy scores, OFAC, ID Verification (Fraud), and California Score Disclosure. These add-on products cannot be merged and are always delivered as calculated by the bureau. Pricing for add-on products is per applicant, per bureau accessed.

| Equifax | | TransUnion | | Experian | |
|---|---|---|---|---|---|
| **SCORES** | | | | | |
| BEACON 5.0 | $.25 | FICO CLASSIC 98 | $.25 | FICO II | $.25 |
| BEACON 5.0 AUTO | $.25 | FICO CLASSIC AU 98 | $.25 | FICO II AUTO | $.25 |
| | | FICO CLASSIC AU 04 | $.25 | NATIONAL RISK SCORE | $.25 |
| **BANKRUPTCY SCORES** | | | | | |
| DAS | $.25 | HORIZON | $.25 | BANKRUPTCY | $.25 |
| **NEXT GEN SCORES** | | | | | |
| PINNACLE | $.50 | FICO NEXT GEN 00 | $.50 | ADVANCED RISK | $.50 |
| **IDENTITY VERIFICATION & COMPLIANCE** | | | | | |
| PROSCAN OFAC | $.50 | CA SCORE DISCLOSURE | $.00 | | |
| BUYERID ALERT | $.25 | BUYERID ADVANCE | $.60 | BUYERID CHECK | $1.20 |

### Our Most Valuable Service – Customer Support

We're known as the industry's leader in customer care and technical support. Every employee is FCRA certified. Our credit specialists are assigned to your account and are available by phone, fax and email. They will advise you on how to use our credit information products to your best business advantage. If you have any questions, please feel free to contact us at: **800.694.1414**.



EXHIBIT "B"