Gregory W. Duncan
2687 Airport Road, Ste. A
Helena, MT 59601
gd@mt.net
Phone: (406) 442-6350
Fax: (406) 449-2659
Attorney for WFS
State ID No.: 3405

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re                                                    )   Case No. 06-60855-RBK
    INCREDIBLE AUTO SALES, LLC,   )
                                                                                )
                                                                                )
                         Debtor(s).                    )

---

MOTION TO MODIFY STAY, AND NOTICE

---

      The Motion of WFS Financial, Inc. (hereinafter "Creditor") respectfully represents:

1. The Debtor(s) filed a Petition in this Court under Chapter 11 of the Bankruptcy Code on the 17th day of October, 2006.

2. Creditor is the holder of a secured claim against the Debtor(s), and pursuant to Mont. LBR 4001-1, provides the following information:

    (a)  The present balance owing to Creditor, excluding any pre computed interest or other unearned charges, is $15,524.71.

    (b)  The date upon which the subject debt was incurred was April 8, 2004 on the contract and September 28, 2006 for the non-sufficient check.

    (c)  Creditor holds a security interest or lien upon the following described property of the estate:

Security interest: 2004 Chrysler Concorde, Vin #2C3HD36M54H633246 per terms of the contract dated April 8, 2004.

Check written to WFS Financial, Inc. to pay off the lien on the 2004 Chrysler Concord that was traded into Incredible Auto Sales by the Spah's for which the

MOTION TO MODIFY STAY AND NOTICE - P - 1

check was written in the amount of $15,524.71.

(d) The nature of Creditor's security interest, the date upon which the security interest was obtained, and the date upon which the security interest was perfected are as follows:

WFS Financial, Inc. secured the loan on a vehicle purchased by Spah's on April 8, 2004 whereupon a lien perfected on April 26, 2004. Creditor has attached copies of all security agreements, financing statements, titles, and other perfection documents necessary to prove the validity of its security interest to its Proof of Claim on file herein, as required by Mont. LBR 4001-1; or if no Proof of Claim has been filed, such documents are attached to this Motion.

(e) A description of Creditor's collateral, including its location, is as follows: Pursuant to the contract, WFS Financial, Inc. has a secured interest in the 2004 Chrysler Concorde for which the Spah's traded into Incredible Auto Sales upon the purchase of another vehicle. A true and correct copy are attached hereto and incorporated herein.

WFS Financial, Inc. has possession of the non-sufficient funds check in the amount of $15,524.71 that was written to WFS Financial, Inc., the lien holder, to pay off the current lien on the vehicle. A true and correct copy are attached hereto and incorporated herein.

(f) The fair market value of Creditor's collateral is $13,450.00 on the 2004 Chrysler Concord.

The value of the check written to WFS Financial, Inc. is $15,524.71 for which there was non-sufficient funds.

(g) Incredible Auto Sales has current possession of the 2004 Chrysler Concord that was traded in by the Spah's.

WFS Financial, Inc. has possession of the Non-sufficient funds check written by

MOTION TO MODIFY STAY AND NOTICE - P - 2

Incredible Auto Sales.

(h)  This Motion is made under and pursuant to the following subsection of 11 U.S.C. § 362 (d)(i).

(i)  Other facts which are relevant in determining whether relief should be granted are as follows: WFS Financial, Inc. is the current lien holder of the 2004 Chrysler Concord traded into Incredible Auto Sales by the Spah's. Incredible Auto Sales drafted a check in the amount of $15,524.71 to pay the lien held by WFS Financial. When WFS Financial attempted to put the draft through the bank, the check was returned for insufficient funds. The issuance of a bad check is prohibited under MCA 45-6-316 for which it states:

**45-6-316. Issuing a bad check.**

"(1) A person commits the offense of issuing a bad check when the person issues or delivers a check or other order upon a real or fictitious depository for the payment of money knowing that it will not be paid by the depository.
(2) If the offender has an account with the depository, failure to make good the check or other order within 5 days after written notice of nonpayment has been received by the issuer is prima facie evidence that the offender knew that it would not be paid by the depository.
(3) A person convicted of issuing a bad check shall be fined not to exceed $1,000 or be imprisoned in the county jail for any term not to exceed 6 months, or both. If the offender has engaged in issuing bad checks that are part of a common scheme or if the value of any property, labor, or services obtained or attempted to be obtained exceeds $1,000, the offender shall be fined not to exceed $50,000 or be imprisoned in the state prison for any term not to exceed 10 years, or both".

Incredible Auto Sales wrote the check to WFS Financial, Inc. right before they filed for bankruptcy and has never listed the debt to WFS Financial, Inc. on any of the schedules or records. WFS Financial has not released the lien on the vehicle as the issue of satisfying the lien is still an issue.

3. WFS Financial, Inc. further represents that in the event the Court grants this Motion, WFS Financial, Inc. will turn the check over to the City of Billings Police Department for prosecution in order to collect the debt owed to WFS Financial, Inc. and to

MOTION TO MODIFY STAY AND NOTICE - P - 3

properly release the lien.

WHEREFORE, Creditor moves the Court to grant this Motion to Modify Stay, and to grant such other relief as the Court may deem appropriate.

DATED this 13th day of January, 2007.

By: <u>Gregory W. Duncan</u>
Attorney for Creditor

---
NOTICE TO DEBTOR(S)
---

**If you object to the motion, you must file a written responsive pleading and request a hearing within ten (10) days of the date of the motion. The objecting party shall schedule the hearing and shall include in the caption of the responsive pleading the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**

**Date: _____**

**Time:_____**

**Location:_____**

**This contested matter shall be scheduled for hearing for the next hearing date scheduled in the division within which the case is filed. The date, time and location of the hearing can be obtained from the Clerk of Court or from the Court's website at www.mtb.uscourt.gov. In the event such scheduled hearing date is thirty (30) days beyond the filing date of the motion for relief, then a preliminary hearing within such thirty (30) day period shall be scheduled by the responding party after such party contacts the Clerk of Court to confirm the preliminary telephone hearing date and time, which shall be set forth in the response.**

**If you fail to file a written response to the above Motion to Modify Stay with the particularity required by Mont. LBR 4001-1(b), and request a hearing, within ten (10) days**

MOTION TO MODIFY STAY AND NOTICE - P - 4

**of the date of this Notice, with service on the undersigned and all parties entitled to service under all applicable rules, then your failure to respond or to request a hearing will be deemed an admission that the motion for relief should be granted without further notice or hearing.**

DATED this 13th day of January, 2007.

By: <u>Gregory W. Duncan</u><br>Attorney for Creditor

### CERTIFICATE OF SERVICE

Under penalty of perjury, I hereby certify that on the 13th day of January, 2007, I served a true and exact copy of the foregoing document by depositing the same in the U.S. Mail, first class postage prepaid, CM/ECF, and/or facsimile addressed to the following:

Neal G. Jensen
Assistant U.S. Trustee

Clark B. Rice
Attorney for Incredible Auto Sales

William L. Needler
Attorney for Incredible Auto Sales

Incredible Auto Sales, LLC
1832 King Avenue West
Billings, MT 59102

Lucille Goins Dimmick
Legal Counsel
2143 Convention Center Way, Suite 210
Ontario, CA 91764

<u>Kathleen Glover</u>