| 2554 | 4648P | BSC |
|---|---|---|

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller<br>LITHIA DODGE OF BILL<br>2229 KING AVE WEST<br>BILLINGS, MT 59102-6421<br>"We" and "us" mean the Seller above, its successors and assigns. | Buyer KELLY S SPAH<br>DALE D SPAH<br>7427 BURLINGTON<br>BILLINGS MT 59106<br>"You" and "your" mean each Buyer above, and guarantor, jointly and individually. |
|---|---|---|
| No. 2554 4648P |  |  |
| Date 04/08/04 |  |  |

SALE: You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2004 | VIN 2C3H036M54H633246 | Other: |
|---|---|---|---|
|  | Make CHRYSLER | Lic. No./Year |  |
|  | Model CONCORDE | ☐ New ☒ Used |  |

| Description of Trade-In | 1999 CHEVROLET | MALIBU |
|---|---|---|

SECURITY: To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

PROMISE TO PAY AND PAYMENT TERMS: You promise to pay us the principal amount of $ 23071.00 , plus finance charges accruing on the unpaid balance at the rate of 8.99 % per year from today's date until maturity. Finance charges accrue on a ACTUAL / 365 day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

DELINQUENCY FEE: You will be charged ☒ a delinquency charge on each installment in default for a period not less than 10 days in the amount of $ $10.00 , or ☐ a finance charge after maturity on each installment at the rate of 5 % per year until paid in full.

DOWN PAYMENT: You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $ 205.00 |
|---|---|---|---|---|
| 8.99 % | $ 6973.88 | $ 23071.00 | $ 30044.88 | $ 30249.88 |

Payment Schedule: Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 417.29 | MONTHLY BEGINNING 05/23/04 |

Security: You are giving a security interest in the Motor Vehicle purchased.
☒ Late Charge: You will be charged ☒ a delinquency charge on each installment in default for a period not less than 10 days in the amount of $ 10.00 , or ☐ a finance charge after maturity on each installment at the rate of 5 % per year until paid in full.
Prepayment: If you pay off this Contract early, you will not have to pay a penalty.
Contract Provisions: You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

CREDIT INSURANCE: Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured _____
☐ Single ☐ Joint Prem. $ _____ N/A Term _____
Credit Disability: Insured _____
☐ Single ☐ Joint Prem. $ _____ N/A Term _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer _____ d/c/b   Buyer _____ d/c/b

PROPERTY INSURANCE: You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for N/A of coverage. The required insurance is limited to substantial risk of loss, damage, or destruction of the Property. Further insurance is optional and is not included unless checked below.

This premium is calculated as follows:
☐ $ NA Deductible, Collision Coverage $ N/A
☐ $ NA Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A

Liability Insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

☐ SINGLE-INTEREST INSURANCE: You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the insurance from or through us, you will pay $ _____ for _____ of coverage.

☒ SERVICE CONTRACT: With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____
SEE ATTACHED POLICY
_____ 0 MONTHS 0 _____ MILES The Service Contract will be in effect for _____

ASSIGNMENT: This Contract and Security Agreement is assigned to LES FINANCIAL , the Assignee, phone _____ . This assignment is made ☒ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.

Seller: By _____ Date _____

MONTANA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

### ITEMIZATION OF AMOUNT FINANCED

Vehicle Price (incl. sales tax of $ N/A ) $ 22000.00
Service Contract, Paid to: LSC $ 820.00
Amount to Finance line e. (if e. is negative) $ 0.00
                                              Cash Price $ 22820.00
Manufacturer's Rebate $ N/A
Cash Down Payment $ N/A
Deferred Down Payment $ N/A
  a. Total Cash/Rebate Down $ _____ N/A
b. Trade-In Allowance $ 10005.00
c. Less: Amount owing $ 9800.00
  Paid to: VFCU
  d. Net Trade-In (b. minus c.) $ 205.00
  e. Net Cash/Trade-In (a. plus d.) $ 205.00
Down Payment (e.: disclose as $0 if negative) $ 205.00
  Unpaid Balance of Cash Price $ 22615.00
Paid to Public Officials - Filing Fees $ 8.00
Insurance Premiums* $ N/A
To: _____ $ N/A
To: FFSC / FOR LIFETIME OIL $ 349.00
To: DEALER / FOR DOC FEE $ 99.00
To: _____ $ N/A
To: _____ $ N/A
To: _____ $ N/A
Total Other Charges/Amounts Pd. to Others $ 455.00
  Less: Prepaid Finance Charges $ N/A
  Amount Financed $ 23071.00

*We may retain or receive a portion of this amount.
1. Notice to the buyer. Do not sign this contract before you read it or if it contains any blank spaces.
2. You are entitled to an exact copy of the contract you sign.
3. Under the law, you have the right to pay off in advance the full amount due and to obtain a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer Signature _Kelly Spah_ 04/08/04 Date
Signature _Dale Spah_ 04/08/04
Seller: By _____

MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.
B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
E. You will not attempt to sell the Property (unless it is properly identified Inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent, but in such event you will pay us a transfer of equity fee of $50.00.
F. You will pay all taxes and assessments on the Property as they become due.
G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
A. You fail to perform any obligation that you have undertaken in this Contract.
B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our court costs and actual and reasonable out-of-pocket expenses incurred in connection with the default. In addition, you agree to pay our attorneys' fees not to exceed 15% of the amount due and payable under this Contract if we refer this Contract for collection to an attorney not a salaried employee of ours.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:
A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the rate in effect from time to time until paid in full.
C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate in effect from time to time until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
A. You must pay this Contract even if someone else has also signed it.
B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

---

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take those steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

Signature _____ Date _____

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

## ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all of its rights, title and interest in this Contract, and any guaranties executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE. If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

© 1995, 1999 Bankers Systems, Inc., St. Cloud, MN Form RIS-61 MV-MT 7/1999 (page 2 of 2)

06-60855-RBK   Doc#: 188-1   Filed: 01/13/07   Entered: 01/13/07 14:14:19   Page 3 of 5

2554    MTA

OFFICE USE ONLY

**Title and Registration Bureau**
1032 Buckskin Drive
Deer Lodge MT 59722
(406) 846-6000

# Application for A Certificate of Title for a Motor Vehicle
Fee – $10.00

Title No. _____

1. I/we __KELLY S SPAH   DALE D SPAH__ the applicant(s) making claim of ownership of the following described motor vehicle for the purpose of obtaining a Certificate of Ownership (Title) for said vehicle, pursuant to the provisions of the Montana Statues, make the following statements and represent them to be true without reservation, and agree that the Certificate of Title issued shall be null and void if any false statements are made.

2. Mailing Address __7427 BURLINGTON BILLINGS, MT 59106__
   Street / City / State / Zip

3. Residential Address _____
   Street / City __MT__ / State / Zip

4. County of Residence __YELLOWSTONE__   5. State ____   6. Manufacturer's Suggested Retail Price $_____
7. Vehicle Year __2004__   8. Vehicle Make __CHRYSLER__   9. Vehicle Model __CONCORDE__   10. Style of Body __4D__
11. Vehicle Color __GRAY__   12. Vehicle Identification Number __2C3HD36M54H633246__   13. Fuel Type _____
14. Unladen Weight _____   15. Ton _____   16. MGVW for trucks _____   17. MGCW for trucks/tractors _____
18. CC's for motorcycles _____   19. Length of travel trailer or truck camper _____   20. Inter or Intrastate _____

21. Surrender of foreign certificates and evidences of registration. (1) No Certificate of Title shall be issued by the Department for a motor vehicle, trailer or semitrailers from another state, unless with the application there is surrendered the Certificate of Title issued by the other state. If such state requires Certificates of Title, and if such state does not require Certificates of Title, then upon surrender of the Certificate of Registration. (2) Upon the registration of every imported motor vehicle, trailer or semitrailer which has been registered in any other state or country, the registrant shall surrender to the Department all Seals, Certificates of Registration or other evidence of the former registration in the applicant's possession or control.

## Statement of Title

22. The above described vehicle was acquired __SECOND__ on __APR 08__, 20__04__
23. From __LITHIA DODGE OF BILLINGS   2229 KING AVE WEST__   __BILLINGS, MT 59102-6421__
    Give Name and Complete Address of Former Owner, Whether Dealer or Individual

24. The above described vehicle is free and clear of any encumbrances whatsoever, except:
    First Lien: For $ __28730.16__ in favor of __WFS FINANCIAL__
    Filing Fee $8.00   __PO BOX 19733__   __IRVING, CA 92623__
    Second Lien: For $ _____ in favor of _____
    Filing Fee $8.00

I/We certify under penalty of law (Section 45-7-203, MCA, Unsworn Falsification to Authorities) that the statements made and information contained on this form are true and correct to the best of my/our knowledge, information and belief, and that I am/we are the same person(s) named on line one and if I am signing for a commercial entity, I further certify that I have full authority to do so. I am aware of the below odometer certification made by the dealer.

Dated this __8TH__ day of __APR__, 20__04__   __Dale D Spah__   _____
Purchaser's Signature – This is My Legal Signature

If applicant is Firm or Corporation, Give Full Name   Printed Name of Purchaser

## Dealer's Statement of Sale

I hereby certify that the vehicle described in this application was sold to: __KELLY S SPAH DALE D SPAH__
Name of Purchaser

Title shall be issued to none other than the purchaser designated.
I state that this ☐ 5 or ☐ 6 digit odometer now reads [2][6][8][3][9] (no tenths) miles, date read __04/08/2004__
And to the best of my knowledge that it reflects the actual mileage unless one of the following statements is checked:
**STOP!** DO NOT check one of the following unless it applies

☐ I hereby certify that the odometer reading reflects the amount of mileage in excess of its mechanical limits

☐ I hereby certify that the odometer reading is not the actual mileage. Warning – odometer discrepancy

I/We certify under penalty of law (Section 45-7-203, MCA, Unsworn Falsification to Authorities) that the statements made and information contained on this form are true and correct to the best of my/our knowledge, information and belief, and that if I am signing for a commercial entity, I have full authority to do so.

Dated this __8TH__ day of __APR__, 20__04__   __3013__   _____
                                                Dealer License Number   Signature of Dealer's Agent – this is my legal signature

__LITHIA DODGE OF BILLINGS__   _____
Dealer's Firm Name   Printed Name of Dealer's Agent

MV1 (C1/04)   Upon request, this form can be made available in an alternate format

8970281881 - SPAH

Westlaw.

Page 2 of 3

MOTOR VEHICLE RECORD

```
Information current through:   12-15-2006
Database Updated:              12-30-2006
Update Frequency:              MONTHLY
Current Date:                  01/12/2007
Source:                        MT DEPT. OF JUSTICE, MOTOR VEHICLE
                               DIVISION
Record Type:                   COMBINED RECORD
```

OWNER/REGISTRANT INFORMATION

```
Name:               DALE D. SPAH
Owner Type:         INDIVIDUAL
Interest:           REGISTRANT
Mailing Address:    7427 BURLINGTON AVE
                    BILLINGS, MT 59106-1951
County:             YELLOWSTONE
Registrant Since:   04/26/2004

Name:               KELLY S. SPAH
Owner Type:         INDIVIDUAL
Interest:           REGISTRANT
Mailing Address:    7427 BURLINGTON AVE
                    BILLINGS, MT 59106-1951
County:             YELLOWSTONE
Registrant Since:   04/26/2004

Name:               DALE D. SPAH
Owner Type:         INDIVIDUAL
Interest:           OWNER
Mailing Address:    7427 BURLINGTON AVE
                    BILLINGS, MT 59106-1951
County:             YELLOWSTONE

Name:               KELLY S. SPAH
Owner Type:         INDIVIDUAL
Interest:           OWNER
Mailing Address:    7427 BURLINGTON AVE
                    BILLINGS, MT 59106-1951
County:             YELLOWSTONE

Name:               WFS FINANCIAL INC.
Owner Type:         COMPANY
Interest:           LIEN HOLDER
```

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.