William L. Needler
William L. Needler and Associates
555 Skokie Blvd Ste 500
Northbrook, IL 60062
(847) 559-8330 ph
(847) 559-8331 fax
Bar ID 02025248
E-Mail: WilliamLNeedler@aol.com
   Attorneys for the Debtor
   Incredible Auto Sales LLC

Clarke B. Rice
Clarke B. Rice P.C.
2951 King Avenue West
Billings, Montana 59102
(406) 254-2500 ofc phone
(406) 294-2525 fax
Montana ID # 1289
E-mail: Clarkrice@imt.net
   Co-Counsel for the Debtor
   Incredible Auto Sales LLC

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| INCREDIBLE AUTO SALES L.L.C. | ) | Case No. 06-60855-RBK |
| | ) | |
| | ) | Judge Ralph B Kirscher |
| | ) | |
| Debtor | ) | A Chapter 11 Proceedings |
| | ) | For Reorganization |

## DEBTOR'S  PLAN OF REORGANIZATION

Dated: January 18, 2007               Incredible Auto Sales L.L.C.
                                      1832 King Avenue
                                      Billings, Montana 59102

## DEFINITIONS

The following terms, when used in the Plan, unless the context otherwise requires, shall have the following meanings respectively:

1) "**DEBTOR**" shall mean the above Corporation as listed above, in the caption of this case.

2) "**CHAPTER 11**" shall mean Chapter 11 of the Bankruptcy Code.

3) "**REORGANIZATION CASE**" shall mean the case for the reorganization of the above Debtor Corporation, commenced by voluntary petition under Chapter 11 filed on October 17, 2006, and now pending in this Court.

4) "**PLAN**" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

5) "**CREDITORS**" shall mean all creditors of the Debtor Corporation holding claims against the Debtor Corporation for liabilities, demands, or other claims of any character whatsoever. The obligation was incurred for and on behalf of the Debtor Corporation;

6) "**SECURED CREDITORS**" shall mean all creditors who hold a lien, security interest, or other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtor Corporation.

7) "**COURT**" shall mean the United States Bankruptcy Court for the District of Montana, and/or any other Court of the United States which may have any jurisdiction over this Reorganization Case.

8) "**CLAIM**" shall mean every type of claim owed by the Debtor Corporation on the filing date, either secured, unsecured, or partially secured, and unsecured including priority amounts post petition administrative amounts and priority claims shall also be part of this definition.

9) **"ALLOWED CLAIM"** shall be the claim which is not marked disputed by the Debtor Corporation on its schedules or amendments thereto, or that claim by a creditor with a Proof of Claim filed herein which is objected to and such objections have been settled by the Court or that claim which is agreed to by the Debtor or that claim which is duly listed and timely filed and ordered paid by the Court.  This definition relates to both administrative, priority, unsecured and secured claims.

10) **"EFFECTIVE DATE"** shall be that date on which the Order approving or confirming the Plan becomes final and non-appealable, plus 90 days.

11) **"CONFIRMATION OF THE PLAN"** shall mean that date on which a final order is entered by this Court Confirming the Plan in accordance with Chapter 11.

12) **"CONSUMMATION OF THE PLAN"** shall  mean the accomplishment of all things contained or provided for in this Plan, and the subsequent entry of an Order of Consummation finally closing this case.

13) **"INTEREST"** shall mean interest calculated on the annual percentage rate method.

*Please note, any claim which remains disputed after confirmation and is objected to by the Debtor, shall not be paid until finally determined by the Court.  In such event, the payment dates as defined by the terms "effective date" or "confirmation date" or other such date shall be adjusted to commence from and after such date with the same time periods as the date of the Court's Order finally determining such claim dispute. This final Order date shall then be deemed to be such defined date for the purposes of this Plan as it relates to the claim only.*

# ARTICLE I

## CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to U. S. Bankruptcy Code Section 1122, the Plan shall classify claims and interests in the following manner and classes:

A.  <u>ADMINISTRATIVE CLAIM.</u>  Administrative Claims shall consist of all administrative expenses allowed by the Court and entitled to priority pursuant to Bankruptcy Code Section 503.

B.  <u>PRIORITY CLAIMS.</u>  Priority Claims shall consist of all unsecured claims of the Debtor Corporation or otherwise as entitled to priority pursuant to Bankruptcy Code 11 USC Section 507(a) (3), (4), (5), (6), and (8) owed by the Debtor Corporation and which are unpaid at the Confirmation of the Plan.

C.  <u>CLASS  C</u>  is the allowed secured claim of Hyundai Motor Finance, PO Box 20809, 10550 Talbert Ave, Fountain Valley, California 92728-0809, which is secured by liens on both new and used vehicles owned by the Debtor under its pre petition Floor Plan Agreement and also liens on parts, machinery, fixtures and equipment and also various receivables including warranty and hold back receivables of the Debtor.

D.  <u>CLASS  D</u>  is the allowed claim as to the lease of a copier machine held by G. E. Capital.

E.  <u>CLASS E</u> is the allowed secured claim of King Properties of Billings, Montana, the Landlord herein, which owns the building, lands and facilities located at 1832 King Avenue, Billings, Montana under a pre petition lease to the Debtor Corporation, which has been affirmed and from which

    location the Debtor Corporation operates its Kia Dealer Franchise and Automotive Repair Facilities.

F. <u>CLASS F</u> is the allowed secured claim of Dolphin Capital Corporation under a monthly pre petition lease as to certain computer software called Promax which is used at the Debtor's Dealership.

G. <u>CLASS G</u> is the allowed claim of ADP Commercial Leasing based on a pre petition lease of a computer system used in the Debtor's Dealership.

H. <u>CLASS H</u> is all the unsecured claimants holding unsecured claims in this Corporation or those secured creditors where a part or all of their claims are represented either partially or fully by assets of no value. If a secured claim is only partially secured, then the remaining unsecured claim balance is in this class.

I. <u>CLASS I</u> represents the equity security interest in this Corporation.

## ARTICLE II

## CLASSES NOT IMPAIRED UNDER THE PLAN

Administrative Claims in <u>Class A</u>, the secured claims in <u>Classes C, D,E,F and G,</u> and the unsecured claims in <u>Class H</u>, and the equity interests in <u>Class I</u> shall remain unaltered under the Plan. These classes are deemed unimpaired under the Plan.

## ARTICLE III

## CLASSES IMPAIRED UNDER THE PLAN

This is a liquidation Plan and there are no impaired claims since all creditors will receive their claims pursuant to a Title 11 Code liquidation sale.

## ARTICLE IV

## TREATMENT OF ADMINISTRATIVE AND PRIORITY CLAIMS

All allowed administrative claims against this Debtor Corporation shall be paid from the proceeds of the liquidations and the sale of the franchise and the other assets to the extent that funds are available after the Secured Creditors Claim in Class C is paid in full less 11 USC Section 506 (c) allowed claims.

Payments due pursuant to 28 USC Section 1930 are paid current or shall be paid upon confirmation.

## ARTICLE V

## TREATMENT OF SECURED CREDITORS

The allowed Class C claim of the Hyundai Motor Finance, which holds liens on all new and used vehicles, parts, machinery, furniture and equipment and also various receivables including warranty and hold back receivables shall be paid its claim based on the liquidation of these assets including the Kia Franchise less the applicable costs of sale under 11 USC Section 506 (c) commencing on the effective date.

The allowed Class D claim of G.E. Capital on a copier shall be rejected on the effective date of the Plan and its claim paid pursuant to the priorities of 11 USC Section 503.

The allowed pre petition Class E claim of the King Properties, which is totally unsecured by assets of this estate shall be paid its unsecured claim under Class H. The rents due post petition shall be a post petition Administrative Claim.

The allowed <u>Class F</u> claim of Dolphin Capital under a lease of certain computer equipment rejected on the effective date of the Plan and its claim paid pursuant to the priorities of 11 USC Section 503.

The allowed <u>Class G</u> claim of ADP Commercial Leasing under a lease of a computer system it used in the Dealer's business shall be affirmed and paid as agreed until the case is closed.

## ARTICLE VI

## TREATMENT OF GENERAL CLAIMS

The <u>Class H</u> claimants who hold unsecured claims in this case, shall be paid from the assets remaining from the liquidation after the secured <u>Class C</u> claim and allowed administrative claims are paid.  The proceeds, if any, shall be paid prorata to the allowed unsecured claims in this case.

## ARTICLE VII

## TREATMENT OF EQUITY SECURITY HOLDERS

The equity interest under <u>Class I</u>  after the assets are liquidated, representing the equity security interest in this Corporation which will have no value, shall remain the property of the present owner.

## ARTICLE VIII

## MEANS AND EXECUTION OF THE PLAN

The Debtor Corporation shall continue to operate under the Court's approved Cash Collateral Order until the liquidation and sale of assets has occurred.

These assets, which are liened to Hyundai Motor Credit shall be sold free and clear of all liens with the liens of Hyundai to attache to the proceeds of the liquidation.

Upon the determination of the total of the liquid assets, these shall be turned over to Hyundai Motor Finance less costs of sale under 11 USC 506 (c).

## ARTICLE X

## **GENERAL PROVISIONS**

Upon liquidation of the assets, confirmation, all remaining property of the estate, shall vest in the Debtor Corporation, subject to whatever liens or security interests have been created or reaffirmed herein.

The Debtor Corporation shall be granted and shall commence all objections to claims of whatever kind and nature within one hundred and eighty (180) days after the date fixed by the Court as the last date for the filing of claims in these proceedins, or the effective date of the Plan, plus one hundred and twenty (120) days, whichever date is later.

No payments shall be made within a Class or to a Class in which objections to claims in that class remain unresolved by the Court and no final Order has been issued. The payment date in this Class, if such dispute is not resolved at confirmation, shall be adjusted to such final order date.

Nothing in this Plan, including any prior classification or treatment of the holders of a claim of any type, shall prevent the Debtor Corporation from bringing any actions at any time under Section 510 (c) of the Bankruptcy Code.

Until this case is closed, the Court shall retain jurisdiction in order to insure that the purpose and intent of this Plan are carried out.  The Court shall retain jurisdiction:

1.) To hear and determine all claims, including both pre-petition and post petition claims of any type and nature against the Debtors; and

2.) To enforce all causes of actions which may exist on behalf of the Debtor Corporation and their estate; and

  3.)  For administrative purposes; and

  4.)  For any and all normal ano/or necessary modifications hereunder.

Nothing herein shall prevent the reorganized Debtor Corporation from taking such action as may be necessary to enforce any cause of action which may exist on behalf of the Debtor Corporation nor to modify the Plan during the life of the Plan because of changes in economic conditions.

In the event that any class of claims does not accept the Plan, the Debtor Corporation requests that the Court confirm this Plan pursuant to Section 1129 (b) of the Bankruptcy Code.

All claimants submitting ballots and having allowed claims pursuant to this Plan, shall agree to be bound by the Order of Confirmation so entered by this Court and/or its properties.


DATED:  January 18, 2007


              <u>/s/ William L. Needler</u>
              The Debtor Corporation's Attorney

William L. Needler and Associates
555 Skokie Blvd Ste 500
Northbrook, IL 60062
(847) 559-8330 ph
(847) 559-8331 fax
Bar ID 02025248
E-Mail: WilliamLNeedler@aol.com

Attorneys for the Debtor
    Incredible Auto Sales LLC

Clarke B. Rice
Clarke B. Rice P.C.
2951 King Avenue West
Billings, Montana 59102
(406) 254-2500 ofc phone
(406) 294-2525 fax
Montana ID # 1289
E-Mail: CLarkerice@imt.net

Co-Counsel for the Debtor
    Incredible Auto Sales LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| **IN RE:** | |
| INCREDIBLE AUTO SALES L.L.C. | Case No. 06-60885-RBK |
| Debtor | Judge Ralph B Kirscher |

## NOTICE OF FILING

Please be advised that the attached Debtor's Plan of Reorganization with this Notice, Certificate of Service and Service List, was filed with the above Court in Butte, Montana on January 18, 2007.

This Plan is hereby attached and served on you.

Should you have any questions about this Plan you may call the Debtor's

Attorneys listed below.

January 18, 2007                                       /s/ William L. Needler
                                              Attorney for Incredible Auto Sales LLC


## PROOF OF SERVICE

William L. Needler, an Attorney, hereby certifies that the above and foregoing

was filed on January 18, 2007 with the Clerk of the Bankruptcy Court using the

CM/ECF system, which will electronically notify all persons listed with the Court.

   CHRISTOPHER P BIRKLE   lovellaw@hotmail.com
   ALAN C. BRYAN   abryan@crowleylaw.com
   SHANE P. COLEMAN   spcoleman@hollandhart.com,
   bbowler@hollandhart.com;vhenry@hollandhart.com;intaketeam@hollandhart.com
   BRUCE F. FAIN   bruce@murphkirk.com, pam@murphkirk.com;amy@murphkirk.com
   CHARLES W. HINGLE   chingle@hollandhart.com,
   bbowler@hollandhart.com,mhauck@hollandhart.com,jritchie@hollandhart.com,pmoritz@hollandhart.com,lsawatzke@hollandhart.com
   WILLIAM L NEEDLER   williamlneedler@aol.com
   OFFICE OF THE U.S. TRUSTEE   ustpregion18.gf.ecf@usdoj.gov
   JAMES A. PATTEN   japatten@ppbglaw.com, aschueler!
   @ppbglaw.com;ESchoemer@ppbglaw.com


I also hereby certify that it was served by facsimile on or before January 18,

2007 from the Attorneys offices.

                                                       /s/ William L. Needler

Incredible Auto Sales
Ken Cornelison
1832 King Avenue West
Billings, MT 59102
(406) 652-3487 fax
(406) 294-2525 fax

Clarke B Rice
2951 King Avenue West
Billings, MT 59102
(406) 294-2525 fax

Jill Smith
Kia Motors of America
9801 Muirlands Blvd.
PO Box 52410
Irvine, California, 92619-2410
(949) 595-5805 phone
(949) 595-5805 fax