## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**INCREDIBLE AUTO SALES LLC**,                    Case No.  **06-60855-11**

Debtor.

# O R D E R

At Butte in said District this 24th day of January, 2007.

In this Chapter 11 bankruptcy, after due notice, a hearing was held January 23, 2007, in Billings on: (1) on the Motion to Convert this bankruptcy to Chapter 7 of the Bankruptcy Code filed by the United States Trustee ("UST") on December 28, 2006, docket entry no. 167, together with the joinder in said Motion filed by Hyundai Motor Finance Company ("Hyundai") on January 4, 2007, docket entry no. 170; (2) the Motion of First Advantage - Credco to Compel Debtor-in-Possession to Assume or Reject Executory Contract or, alternatively, for Order Prohibiting or Conditioning Use of Credco's Services, for Relief of Stay, [and] for Adequate Assurance filed January 2, 2007, docket entry no. 168; and (3) Debtor's Emergency Motion to Approve the Contract for the Sale of Assets Pursuant to 11 USC Section 363 of the Bankruptcy Code and to Provide for Upset Bids filed January 7, 2007, docket entry no. 176.  Debtor was represented at the January 23, 2007, hearing by attorney William L. Needler of Northbrook, Illinois; Hyundai was represented by attorney Shane Coleman of Billings, Montana; Auto Auction of Montana was represented by attorney Bruce F. Fain of Billings, Montana; Kia Motors America, Inc. was represented by attorney Alan C. Bryan of Billings, Montana; First Advantage Credco was

1

represented by attorney Steven M. Johnson of Great Falls, Montana; Ernie and Leanne Dutton and the other co-tenant lessors were represented by attorney Jeffrey A. Hunnes of Billings, Montana; Rimrock Chrysler, Inc. was represented by attorney Rodd A. Hamman of Billings Montana; and the UST was represented by attorney Daniel P. McKay of Great Falls, Montana.  Ken Cornelison ("Ken"), the General Manager of Debtor, testified and Debtor's Exhibit 5 was admitted into evidence without objection.

The Court first heard argument and testimony with respect to First Advantage Credco's Motion to Compel Debtor-in-Possession to Assume or Reject Executory Contract.  Debtor did not oppose First Advantage Credco's Motion.  According to Ken, Debtor has not used First Advantage Credco's services since Debtor's bankruptcy petition was filed.  Instead, Debtor has been obtaining its credit reports from ADP and/or Promax.  Ken testified that the agreement between Debtor and First Advantage Credco provides no benefit to Debtor and is not necessary to Debtor's bankruptcy. Accordingly, the Court will grant First Advantage Credco's motion and  permit Debtor to reject its executory contract with First Advantage Credco.  Also, First Advantage Credco may immediately terminate any service it may provide to Debtor.  First Advantage Credco may also file an administrative claim for any damages it believes it incurred between October 17, 2006, and January 23, 2007.  Any claim of monies owed prior to Debtor's petition date shall be made through a proof of claim.

After discussions with the parties, and with the consent of the UST and Hyundai, the Court agreed to continue the hearing on the UST's Motion to Convert, and Hyundai's joinder therein. The parties explained that continuance of the matter was appropriate in order to afford Debtor additional time to procure the sale of Debtor's assets.

The parties next discussed Debtor's Emergency Motion for an Order Continuing the

2

Debtor's Use of Cash Collateral filed January 22, 2007.  Although the matter was not noticed for hearing and did not appear on the Court's calendar, all parties agreed that Debtor should be permitted to continue the use of its cash collateral through February 28, 2007, in accordance with the revised budget attached as Exhibit 4 to Debtor's Motion filed January 22, 2007.  Also, Debtor is authorized to transfer from its trust account to its Debtor-in-Possession account, funds sufficient to cover the expenses as set forth in the revised budget for the month of February 2007.  Any funds remaining in the Trust account after the above transfer shall be immediately turned over to Hyundai.

Finally, the parties agreed that Debtor's Emergency Motion to Approve the Contract for the Sale of Assets Pursuant to 11 USC Section 363 of the Bankruptcy Code and to Provide for Upset Bids filed January 7, 2007, could be granted subject to certain terms and conditions.  Many terms and conditions are already set forth in a proposed "Order Conditionally Permitting Sale of Assets Under 11 U.S.C. § 363" filed by counsel for Hyundai on January 22, 2007.  The parties, however, agreed that the proposed order filed January 22, 2007, needs further revision to provide that three months of postpetition rent, not yet paid by Debtor, but owing to Ernie and Leanne Dutton and the other co-tenant lessors, would be carved out from any sale of Debtor's assets.  The parties also agreed that Underriner Motors would have until Noon on Wednesday, January 31, 2007, to submit an upset bid in response to the current Asset Purchase Agreement between Debtor and Rimrock Chrysler, Inc. dated December 29, 2006.  Counsel for Hyundai agreed to make the above changes to its proposed order and submit the revised proposed order to the Court.  In accordance with the foregoing,

IT IS ORDERED that the Motion for First Advantage - Credco to Compel Debtor-in-Possession to Assume or Reject Executory Contract or, alternatively, for Order Prohibiting or

3

Conditioning Use of Credco's Services, for Relief of Stay, [and] for Adequate Assurance filed January 2, 2007, docket entry no. 168, is GRANTED; the executory contract between Debtor and First Advantage Credco is deemed rejected; and First Advantage Credco is under no further obligation to provide services to Debtor and may file the appropriate pleadings or proofs of claim for any damages incurred.

IT IS FURTHER ORDERED that the hearing on the Motion to Convert this bankruptcy to Chapter 7 of the Bankruptcy Code filed by the United States Trustee on December 28, 2006, docket entry no. 167, together with the joinder in said Motion filed by Hyundai Motor Finance Company on January 4, 2007, docket entry no. 170, is continued to **Monday, February 26, 2007, at 09:00 a.m.**, or as soon thereafter as the parties can be heard, in the 5TH FLOOR COURTROOM, FEDERAL BUILDING, 316 NORTH 26TH, BILLINGS, MONTANA.

IT IS FURTHER ORDERED that the Court will enter a separate order on Debtor's Emergency Motion to Approve the Contract for the Sale of Assets Pursuant to 11 USC Section 363 of the Bankruptcy Code and to Provide for Upset Bids filed January 7, 2007.

IT IS FURTHER ORDERED:

1.  That the Debtor shall be granted authority to use cash collateral in substantial conformance with the categories and amounts budgeted for February 2007 as set forth in the Revised Budget filed by Debtor on January 22, 2007, attached as Exhibit 4 to Debtor's Emergency Motion for an Order Continuing the Debtor's Use of Cash Collateral found at docket entry no. 232, which also includes rent owing to Ernie and Leanne Dutton and the other co-tenant lessors for the dealership property commencing for the payment of February 15, 2007, and for March 15, 2007 (if Debtor still is conducting business at this location and this Order is effective), at a rate of $10,000 per month.

4

2.  This Order Allowing Use of Cash Collateral shall automatically expire on February 28, 2007, unless specifically continued either by agreement of the parties or by further Court order.  As set forth above, Debtor shall file a motion to extend the cash collateral agreement through March 2007 on or before February 16, 2007, and a hearing on such motion and any objections thereto shall be held on **Monday, February 26, 2007, at 09:00 a.m.**, or as soon thereafter as the parties can be heard, in the 5TH FLOOR COURTROOM, FEDERAL BUILDING, 316 NORTH 26TH, BILLINGS, MONTANA.

3.  Hyundai has and shall continue to have a security interest in all inventory, equipment, fixtures, accounts and general intangibles and the proceeds thereof, acquired by Debtor during the pendency of this Case, including, without limitation, all Inventory, all Replacements, all Trade-ins, the Dealer Agreement, the proceeds of sale of Debtor's interest in the Franchise, and Trust Accounts A, B, C and D, which security interest shall be effective from and after the Date of Bankruptcy.  The security interest granted herein shall be identical to and shall enjoy the same priority as that security interest granted to Hyundai under the terms of the Loan Agreement and shall be evidenced by this Order and the Loan Agreement; provided, that the Debtor shall execute and Hyundai may file such motions, notices, additional security agreements, control agreements and financing statements as Hyundai deems necessary to fully comply with 11 U.S.C. § 552(b) and Mont. Code Ann. § 30-9-101, *et seq.*, during the pendency of this Case.  This provision does not alter or prejudice the rights of any auction entities alleging reclamation claims involving any auction vehicles, which claims are subject or may be subject to adversary proceedings and which will be determined by subsequent order of this Court.

4. That the deposit of funds in the established trust accounts A, B, C, D and E shall continue as described previously in the hearings, the exhibits and the pleadings filed with the

Court, provided, however, that, by stipulation between Debtor and Hyundai, only sufficient money shall be transferred from the trust accounts to fund Debtor's cash needs as set forth on Exhibit 4 to Debtor's Emergency Motion for an Order Continuing the Debtor's Use of Cash Collateral found at docket entry no. 232, through February 28, 2007, and the balance in any trust accounts shall be remitted to Hyundai.

5. That Debtor's profit shall be transferred from Trust Accounts A, B, C, or back to Debtor-in-Possession Account –two times per week.  Factory receivables shall reimburse Account A or Account C when received.  Profit shall be defined as the difference between the total sales proceeds (cash, loan and/or trade-in) received for each vehicle transaction less the particular October 17, 2006, inventory valuation, List A and List B as admitted as Exhibits 1 and 2 at the hearing held on November 6, 2006, and any additional cost associated with the sale of the vehicle. Moneys received by the Debtor from the Debtor from Dealer incentives, co-ops and other receivables shall be deposited in the D.I.P. Account.

6. After the above transactions are completed, Trust Account A and Trust Account B shall continue to be operated to purchase replacement inventory as previously described in the Hearings, the Exhibits and Pleadings filed with the Court.

7. Additionally, the Profits as previously defined in paragraph (5) above shall continue to be transferred and deposited as previously outlined.

8. All Trust Accounts shall have the signatories only of Kenneth C. Cornelison and Zsaneece L. Gutierrez, who shall also sign all Debtor-in-Possession checks for the Debtor-in-Possession approved expenses.

9. Transfer of Title, certificates of title and MSOs for all vehicle Inventory, including Trade-ins, Replacements, shall be delivered to and held in trust by Clarke B. Rice, a local Billings,

6

Montana attorney.  Debtor shall provide Hyundai with such information regarding each proposed sale of vehicle Inventory, Trade-ins and Replacements as may require, including, without limitation, a completed deal sheet in form filed with the Court and Hyundai and evidence that the purchase price has been actually received and has been deposited in good funds in the Trust Account designed for receipt of such proceeds as set forth in the Procedure sheet attached as Exhibit A. Such information shall be transmitted by facsimile or electronic mail to Mr. Dale Ueno at (714) 965-7012 or dueno@hmausa.com4 or, in his absence, Mr. Caleb Cottam at (714) 965-3374 or ccottam@hmausa.com. Alternatively, such documents may be hand-delivered to Mr. Ueno or Mr. Cottam. Local Counsel is authorized to release titles or MSOs in connection with proposed sales only upon Hyundai's written approval thereof which Hyundai shall use its best efforts to transmit to the Manager by facsimile or electronic mail within four (4) business hours of receipt of Debtor's request.

10.   Debtor shall provide Hyundai each of the following items of information and reports during the pendency of this Case.

A. When Hyundai deems it necessary, in its sole discretion and without prior notice, Debtor shall provide access to Debtor's places of business in Billings, Montana, at any time during normal business hours during the pendency of this Case, (i) for physical inventories of Hyundai's collateral, and (ii) for review of all "deal jackets", sources, amounts of funding and other information as permitted by the Loan Agreement.  Nothing herein shall obligate Hyundai to conduct any inspection and/or audit of such inventory and/or documents.

B. Debtor shall provide Hyundai daily by electronic mail with records of its sales, bank deposit slips and cash payments and with such additional records as may be

7

reasonably requested by Hyundai in writing, or orally, whether in person or by telephone.

C. Debtor shall provide Hyundai, during the pendency of this Case, with copies of all financial reports and/or statements required to be filed with the Court or served on any creditor, including but not limited to, all income and expense or profit and loss statements, all balance sheets, updated monthly inventories, all listings of account receivable and/or accounts payable as listed on page (1) of the Debtor's Financial Statement, including, without limitation, any prior liens and amounts owed on sold vehicles or Trade-ins, and all statements relating to employee compensation and/or payroll, taxes paid or held as listed on page (2) of the Debtor's Financial Statement.

D. Debtor shall promptly upon receipt provide to Hyundai copies of all bonafide offers to purchase the Debtor or Debtor's assets outside the ordinary course of business.

E. Hyundai shall have the right to inspect, as it deems necessary and upon reasonable notice to Debtor and with the capability of the Debtor's personnel, all of Debtor's accounting records to verify the accuracy of Debtor's accounting information and practices, and not to harass or confound Debtor. In the event any dispute arises as to what is reasonable notice, the Court is to be contacted for an emergency hearing and the Court will determine what is reasonable.

11. Ken C. Cornelison ("Manager") shall serve as general manager of the Debtor. Manager and Zsaneece L. Gutierrez shall be the only persons authorized to sign checks on behalf of the Debtor during the pendency of this case. R. Nick Gutierrez shall not participate in the management

8

of the Debtor during the pendency of this case.  R. Nick Gutierrez shall not receive any salary and/or benefits from Debtor, except as may be authorized by Court Order after notice and hearing.

12. Every month, approximately on the 15th day, a printed recap of actual monthly expenses for the previous month shall also be forwarded to Hyundai and any other auction creditors requesting recap.  The January 15th printed recap shall cover the period of time from December 1, 2006, through December 31, 2006, and the February 15th printed recap shall cover the period of time from January 1, 2007, through January 31, 2007.  Debtor shall provide to the United States Trustee all required reports pursuant to the time periods established by that office.

13.  Debtor shall provide to Hyundai and the auction entities all information requested by such entities regarding outstanding liens on any trade-in vehicles and any payments made on such liens and any other pertinent information.  The Court expects that such information has already been voluntarily exchanged from Debtor to Hyundai and the auction entities.

14.  Except as modified herein, all prior stipulations arising in this case and in all adversary proceedings involving Debtor, signed by the parties and approved by this Court are fully enforceable.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana