UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| In re ) | Bankruptcy No. 06-60855-RBK | |
| ) | | |
| INCREDIBLE AUTO SALES, LLC, ) | **ORDER CONDITIONALLY** | |
| ) | **PERMITTING SALE OF ASSETS** | |
| Debtor. ) | **UNDER 11 U.S.C. § 363** | |
| ) | | |
| ) | | |

_____

This matter comes before the Court on Debtor's "Emergency Motion to Approve the Contract for the Sale of Assets pursuant to 11 U.S.C. § 363 of the Bankruptcy Code and to Provide for Upset Bids" (dkt. 176). In its Motion, Debtor seeks "Approval of the Contract for the Sale of Assets pursuant to 11 U.S.C. § 363 of the Bankruptcy Code with Rimrock Chrysler, Inc." Debtor has attached to its Motion a proposed "Contract" signed by Debtor and the proposed buyer, herein referred to as "Rimrock." The Contract provides for the sale of, *inter alia*, the "Kia Motor America franchise and associated goodwill" of the business together with, among other assets, the new and used vehicle inventory of the business, and certain parts, tools, and signage.

Various parties have filed objections to aspects of Debtor's Motion. Kia Motors America, Inc. ("KMA") has filed an objection (the "KMA Objection") to Debtor's Motion on the grounds that: (a) under Article XI of the Kia Dealer Sales and Service Agreement dated July 1, 1997, between the Debtor and KMA (the "Dealer Agreement") and MONT. CODE ANN. § 61-4-150, no transfer of the Debtor's Kia dealership in Billings, Montana is permitted without KMA's

1

prior written consent; (b) the Dealer Agreement is a personal services contract and, by reason thereof, under § 365(c)(1) of the Bankruptcy Code the Debtor may not sell or assign the Dealer Agreement without the consent of KMA; and (c) assuming, arguendo, without conceding, that the Dealer Agreement is not a personal services contract, the Debtor has failed to provide KMA with adequate assurance of future performance by Rimrock as required by § 365(f)(2)(B) of the Bankruptcy Code. Hyundai Motor Finance Company ("HMFC") filed a "Limited Objection" to Debtor's Motion on the grounds that (1) the Contract is vague as to the sale price of used vehicles, and this Court already has granted HMFC relief from the automatic stay to exercise its state law remedies as to these vehicles; (2) the Contract impermissibly calls for payment of an unsecured debt to A&I Distributors; and (3) the Contract impermissibly requires the buyer to pay a commission to Debtor's broker whose retention has never been approved by this Court. The Auto Auction of Montana ("AAM") has also filed an objection on the basis that the sale price of the used vehicle inventory is vague.

      On January 23, 2007, this Court held a hearing on Debtor's Motion. The parties, by stipulation at the hearing, agreed that this Order should include a provision providing that three months of postpetition rent, not yet paid by Debtor, but owing to Ernie and Leanne Dutton and the other co-tenant lessors from October 2006 through January 2007, would be carved out from any sale of Debtor's assets. Based upon the Motion, the objections filed by the various parties and the statements and stipulations of counsel at the hearing, the record at hearing, and the testimony of Ken Cornelison concerning the process by which notices and advertisements of sale were submitted to several hundred new and used car dealers as shown on Exhibit 5, introduced during the hearing, and subject to the conditions set forth below, this Court, pursuant to 11

U.S.C. § 363,

IT IS ORDERED that Debtor's Emergency Motion to Approve the Contract for the Sale of Assets Pursuant to 11 USC Section 363 of the Bankruptcy Code and to Provide for Upset Bids filed January 7, 2007, docket entry no. 176, is GRANTED and the Court hereby approves the sale of Debtor's assets to Rimrock pursuant to the terms of the Contract, with the following exceptions:

1. The sale of assets under the Contract is conditioned upon KMA's approval of Rimrock as an authorized dealer of Kia brand products in accordance with the terms and provisions of Mont. Code Ann. § 61-4-150 and the Dealer Agreement. Without prejudice to the right of KMA to give or withhold such consent, within the time set forth in MONT. CODE ANN. § 61-4-150 and the Dealer Agreement, if , prior to February 26, 2007, KMA has not so approved Rimrock, the Court will hold a hearing on at 9:00 a.m., February 26, 2007, in Billings, Montana, to rule on the KMA Objection. Nothing contained in this paragraph shall operate to preclude KMA from seeking a postponement of such hearing on the grounds that Rimrock has failed, on a timely basis, to provide the necessary information to KMA to enable KMA to make its determination whether or not to approve Rimrock.

2. Any money Debtor proposes to pay to its broker from the proceeds of the sale as a commission shall be segregated, held in trust, and only distributed pursuant to a further order of this Court, upon consideration of Debtor's Amended Application to Employ Southwest Brokerage Company (Broker) of Arlington, Texas, Pursuant to 11 U.S.C. § 327(a) and objections thereto, if any.

3. The sale of assets to Rimrock shall not include the sale of Debtor's used vehicle

inventory. Notwithstanding this Court's Order of January 12, 2007, new vehicles shall be included in the sale to Rimrock and the proceeds thereof shall be distributed to HMFC pursuant to a further order of this Court.

4. From the sale proceeds of Debtor's assets, Ernie and Leanne Dutton and the other co-tenant lessors will be paid for three months of postpetition rent.

5. The sale to Rimrock under the Contract is further subject to the following provisions for a possible upset bid by Underriner Motors of Billings, Montana ("Underriner"):

 A. On or before 12:00 noon, January 31, 2007, Underriner may submit a competing bid for the assets to be sold under the Contract, by filing notice of the competing bid with the Court.

 B. Any competing bid by Underriner must include all of the provisions of the Contract and must include a price for the "blue sky" of the Debtor that is at least $10,000 higher than the Contract price agreed to by Rimrock.

 C. If Underriner does not file a timely competing bid or earlier indicates that it does not intend to submit a competing bid, then the condition of this paragraph 4 shall be deemed satisfied and the sale shall proceed with Rimrock as the buyer, subject to the other terms and conditions of this Order.

 D. If Underriner timely submits a competing bid, Rimrock shall have five (5) days thereafter to file a notice with the Court to indicate whether Rimrock intends to bid a higher amount than Underriner's competing bid.

 E. If Rimrock does not submit a notice of its intent to bid a higher amount or earlier indicates that it does not intend to bid a higher amount, then Rimrock shall be

entitled to $10,000 of the purchase proceeds received from Underriner under the Contract, as contemplated by the "break-up fee" provision of the Contract. If Rimrock submits a notice of its intent to bid a higher amount, then Rimrock will not be entitled to a break-up fee.

F. If Rimrock submits a notice of its intent to bid a higher amount of at least $10,000 higher than the bid submitted by Underriner for the assets to be sold under the Contract, then the Court will immediately set a time and place for a sale, and the Court will conduct an auction between Rimrock and Underriner, wherein the bidders shall submit successive higher bids in at least increments of $5,000, until the bidding is closed.

G. If an auction is held and Underriner is determined to be the successful bidder, then Underriner's purchase of the assets under the Contract will be subject to KMA's approval, as delineated in paragraph 1 above with respect to Rimrock.

H. Nothing in this Order should restrict or limit Rimrock's ability to proceed with its application for KMA's approval as a franchisee, nor shall anything in this Order prejudice KMA's rights under the Dealer Agreement or Montana statutes.

DATED this 24th day of January, 2007.

BY THE COURT

_Ralph B. Kirscher_
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana