Daniel P. McKay
Office of United States Trustee
Liberty Center, Suite 204
301 Central Avenue
Great Falls, MT 59403
Phone: (406) 761-8777
Fax: (406) 761-8895
e-mail: dan.p.mckay@usdoj.gov
State Bar I.D. No. 2422
(Attorney for the United States Trustee)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re ) Case No. 06-60855-11
)
INCREDIBLE AUTO SALES, L.L.C., )
)
Debtor. )
_____

UNITED STATES TRUSTEE'S OBJECTION TO DISCLOSURE STATEMENT
_____

United States Trustee Ilene J. Lashinsky, through her attorney, Daniel P. McKay DATED this 28th day of December, 2006, respectfully objects to the Debtor's proposed Disclosure Statement, dated January 18, 2007. This objection is made upon the following grounds:

1. One of the main deficiencies of the proposed Disclosure Statement (hereinafter "DS") is that most of the information contained therein is outdated. Since the DS was filed on January 21, 2007, several important developments have occurred, the most significant of which is the Court's approval of the sale of the bulk of the assets of the estate to Rimrock Chrysler, Inc. Aside from any purchase of new or used vehicles that would occur under the sales agreement, and the assumption by the buyer of a $12,000 liability of the Debtor, the maximum purchase price for the assets, consisting of the Kia franchise, certain new factory parts and accessories, special order diagnostic equipment, and sales materials including signage, etc., is $465,000. The value of those assets on Exhibit 3 to the DS, which purports to show all of the assets upon which Hyundai Motor Finance Co. ("Hyundai") has a lien, is approximately $1,012,000. While it is true that not all of the Debtor's parts inventory would be transferred, it is apparent that the sale

will not result in the realization of anywhere near the values on Exhibit 3. The Kia Franchise alone is valued at $800,000 on Exhibit 3.

Further, Hyundai, Steve's Auto Sales, as well as other creditors, have received relief from the automatic stay with regard to vehicles. The Court's January 24, 2007 order conditionally approving the sale excluded used vehicles from the sale. Exhibit 3 values used vehicles and "Auction Cars" at over $1,000,000.

Exhibit 3 would lead creditors to believe that there may be over $1,000,000 available for distribution to creditors after payment of Hyundai's secured claim when the reality is that this supposed "equity cushion" may not exist at all. The outdated information in the DS does not meet the standard of "adequate" information in 11 U.S.C. § 1125 that would allow creditors to make an informed judgment about the proposed plan.

2. The DS fails to describe the claims against the bankruptcy estate. The only liability set out is the claim of Hyundai on Exhibit 3. A creditor reading this DS would have no idea of the total amount of claims in the classes set out in the proposed plan. Further, there is no estimation of the expenses of administration. Without a description of the claims, broken out by class, coupled with a credible liquidation analysis comparing liquidation under the proposed plan with liquidation under chapter 7, creditors have no basis for an understanding of what they can expect to receive under either scenario.

3. The DS contains erroneous and contradictory statements about the voting requirements and confirmation standards under chapter 11 of the Bankruptcy Code. First, it states, on page 2, that the proposes plan does not provide for a vote. On page 9 it states that confirmation of the plan "does not require the normal voting margins." On pages 10-11 it states that no claims are impaired and that "a negative vote cannot bar confirmation." The DS contains no analysis of any provisions of the Bankruptcy Code that support these statements. Simply put, there are none. All of the claims are impaired under 11 U.S.C. § 1124. The fact that the Debtor proposes a liquidating plan does not alter the fact that in order for "cramdown" to occur under 11 U.S.C. §

1  1129(b), at least one impaired class of claims must accept the plan.

2      4. Exhibit 4 to the DS purports to be a projection of income and expenses for February 2007 yet it contains no income projections whatsoever. It provides creditors with little, if any, relevant information. Similarly, Exhibit 6, the analysis of cash collateral accounts as of January 17, is outdated. By order dated January 24, 2007, the Debtor was ordered to transfer to Hyundai all of Hyundai's cash collateral in excess of the amount sufficient to cover the expenses set forth in Debtor's revised budget for February 2007. According to the Debtor's operating report for January 2007, which has been given to the U.S. Trustee but has not yet been filed with the Court, the Debtor's cash and "Contracts in Transit", at the end of January, totaled $98,582. The Exhibit 4 budgeted expenses for February and March, 2007, total $94,300. Without income projections, it is impossible to determine whether the Debtor can operate after March 31st. This may not be an issue of the sale to Rimrock Chrysler closes before then, but creditors must have accurate, and current information about the Debtor's finances and future prospects in the event the sale does not close as anticipated or is delayed.

    WHEREFORE, the United States Trustee objects to approval of the Debtor's Disclosure Statement because it does not contain information sufficient to allow creditors to make an informed choice about whether to vote to accept or reject the Debtor's proposed plan.

    DATED this 21st day of February, 2007

    Respectfully Submitted

    ILENE J. LASHINSKY
    United States Trustee

    /s/ Daniel P. McKay
    DANIEL P. McKAY
    Attorney for United States Trustee

CERTIFICATE OF SERVICE

I, the undersigned, Attorney for Office of U.S. Trustee, do hereby certify under penalty of perjury that a copy of the within and foregoing United States Trustee's Objection to Disclosure Statement was served on the 21st day of February, 2007, through the Court's ECF system, on the

following:

| | |
|---|---|
| Ross R. Richardson<br>rossrichardon@qwest.net | William L. Needler<br>williamlneedler@oal.com |
| Lisa Swan Semansky<br>semansky@bresnan.net | Clarke B. Rice<br>Clarkerice@imt.net |
| Bruce F. Fain<br>bruce@murphkirk.com | Jeffrey N. Rich<br>jrich@klng.com |
| Jeffery A. Hunnes<br>jhunnes@ghrtlawfirm.com | Christopher P. Birkle<br>lovellaw@hotmail.com |
| Alan C. Bryan<br>abryan@crowleylaw.com | James A. Patten<br>japatten@ppbglaw.com |
| Christian T. Nygren<br>nygren@bigskylawyers.com | Doug James<br>james@moultonlawfirm.com |
| Shane P. Coleman<br>spcoleman@hollandhart.com | Gregory W. Duncan<br>gd@mt.net |
| Charles W. Hingle<br>chingle@hollandhart.com | |
| Jason S. Ritchie<br>jritchie@hollandhart.com | |

/s/ Daniel P. McKay
Daniel P. McKay

4