JARED M. LE FEVRE  ID No.: 5979
CROWLEY, HAUGHEY, HANSON,
 TOOLE & DIETRICH P.L.L.P.
500 TRANSWESTERN PLAZA II
490 NORTH 31ST STREET
P. O. BOX 2529
BILLINGS, MT 59103-2529
TELEPHONE: (406) 252-3441
FACSIMILE: (406) 259-4159
EMAIL: jlefevre@crowleylaw.com

ATTORNEYS FOR NUVELL CREDIT COMPANY LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No.: 06-60855-RBK-11 |
| | ) | |
| INCREDIBLE AUTO SALES LLC, | ) | **MOTION TO MODIFY STAY** |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ——————————————— | ) | |

    The Motion of Nuvell Credit Company LLC ("Nuvell"), secured creditor herein, respectfully represents:

    1.    The Debtor filed a Petition in this Court under Chapter 11 of the Bankruptcy Code on October 17, 2006.

    2.    Debtor is in possession of collateral which, upon information and belief, is owned by a third party and which is subject to Nuvell's first priority lien. Pursuant to Mont. LBR 4001-1, Nuvell provides the following information:

A. The present balance owing to Nuvell, excluding any pre-computed interest or other unearned charges, is $2,230.93.

B. The date upon which the subject debt was incurred was October 30, 2000.

C. Nuvell holds a security interest upon the following described property, which, upon information and belief, is in possession of the Debtor:

>1999 Oldsmobile Silhouette, VIN IGHDX03E3XD160570 (the "Vehicle").

D. On October 30, 2000, Kevin J. Parnell and Tamara A. Parnell entered into a Retail Installment Contract (the "Contract") in writing with Les Marks Chevrolet Inc. of La Porte, Texas for the Parnells' purchase of the Vehicle. A true and correct copy of the Contract is attached hereto as Exhibit "A" and by this reference incorporated herein. Thereafter, Les Mark's interest in the Contract was in due course assigned to Nuvell. Pursuant to the Contract, Nuvell has a security interest in the Vehicle. Nuvell perfected that security interest by filing a Notice of Lien Filing with the Montana Department of Motor Vehicles and the security interest in noted on the Vehicle's title. A true and correct copy of the Vehicle title and Notice of Lien Filing is attached hereto as Exhibit "B" and by this reference incorporated herein. Upon information and belief, the Parnells entered into a subsequent contract with Debtor wherein the Vehicle was traded to Debtor as part of the transaction. In the ordinary course of business, the dealer pays off the outstanding balance of the debt on the trade-in vehicle and obtains title to the same. This did not happen in the present case. As a result, the full balance of the Contract is due and owing, the Parnells are in breach of the Contract and Debtor is in possession of the Vehicle without paying off Nuvell's security interest.

E.  A description of Nuvell's collateral, including its location, is as follows:

1999 Oldsmobile Silhouette, VIN IGHDX03E3XD160570

located in Debtor's possession.

F.  The fair market value of Nuvell's collateral is estimated to be at least $2,500.00.

G.  There are no other security interests or liens which have priority over that of Nuvell.

H.  The Contract is in default for the January 10, 2007 installment in the amount of $557.45, and each monthly installment due thereafter, for a total amount in default of $1,114.90.

I.  This Motion is made under and pursuant to 11 U.S.C., §362(d)(i) and §362(d)(ii).

J.  Other facts which are relevant in determining whether relief should be granted are as follows: Failure to make payment on the Vehicle leaves Nuvell's interest in the Vehicle inadequately protected. Nuvell did not consent to the trade in of the Vehicle without payment of the balance owed. Nuvell cannot verify whether the Vehicle is properly insured naming Nuvell as loss payee. Under applicable state law, if Debtor sells the Vehicle in the ordinary course of business, Nuvell's security interest in the Vehicle may be jeopardized.

3.  Nuvell further represents that in the event the court grants its Motion, Nuvell will seek foreclosure and liquidation of the above-described collateral in accordance with applicable non-bankruptcy law, and will dispose of the collateral in a commercially reasonable manner.

4.  Upon disposition, Nuvell shall account for all proceeds to the court and agrees to turn over any proceeds in excess of Nuvell's allowed secured claim to the Trustee.

**WHEREFORE**, Nuvell Credit Company LLC respectfully requests the court to grant this Motion to Modify the Stay imposed by §362(a) of the Bankruptcy Code.

Dated this 23rd day of February, 2007.

                          CROWLEY, HAUGHEY, HANSON,
                           TOOLE & DIETRICH P.L.L.P.

                        By    /s/ Jared M. Le Fevre
                           JARED M. LE FEVRE
                           P. O. Box 2529
                           Billings, MT 59103-2529
                        Attorneys for Nuvell Credit Company LLC

## NOTICE TO DEBTOR

If you object to the motion, you must file a written responsive pleading and request a hearing within ten (10) days of the date of the motion. The objecting party shall schedule the hearing and shall include in the caption of the responsive pleading the date, time and location of the hearing by inserting in the caption the following:

**NOTICE OF HEARING**
Date: _____
Time: _____
Location: _____

This contested matter shall be scheduled for hearing for the next hearing date scheduled in the division within which the case is filed. The date, time and location of the hearing can be obtained from the Clerk of Court or from the Court's website at **www.mtb.uscourt.gov**. In the event such scheduled hearing date is thirty (30) days beyond the filing date of the motion for relief, then a preliminary hearing within such thirty (30) day period shall be scheduled by the responding party after such party contacts the Clerk of Court to confirm the preliminary telephone hearing date and time, which shall be set forth in the response.

If you fail to file a written response to the above Motion to Modify Stay with the particularity required by Mont. LBR 4001-1(b), and request a hearing, within ten (10) days of the date of this Notice, with service on the undersigned and all parties entitled to service under all applicable rules, then your failure to respond or to request a hearing will be deemed an admission that the motion for relief should be granted without further notice or hearing.

Dated this 23rd day of February, 2007.

          CROWLEY, HAUGHEY, HANSON,
          TOOLE & DIETRICH P.L.L.P.


          By   /s/ Jared M. Le Fevre
          JARED M. LE FEVRE
          P. O. Box 2529
          Billings, MT  59103-2529
          Attorneys for Nuvell Credit Company LLC

## **CERTIFICATE OF SERVICE**

Under penalty of perjury, I hereby certify that on the 20th day of February, 2007, a true and exact copy of the foregoing was served upon the following parties of record:

[X]   via ECF

William L. Needler
555 Stokie Blvd Ste 500
Northbrook, IL  60062
By ECF Notice

Daniel P. McKay
Liberty Center Suite 204
301 Central Ave.
Great Falls, MT  59401
By ECF Notice

Neal G. Jensen
Assistant U.S. Trustee
Liberty Center, Ste 204
Great Falls, MT  59401
By ECF Notice

[X]   via U.S. First Class Mail, Postage Prepaid

Incredible Auto Sales LLC
1832 King Ave West
Billings, MT  59102

Kevin J. Parnell
6530 Neibaur Drive
Billings, MT  59106

Kenneth J. Gates
6530 Neibaur Drive
Billings, MT  59106

/s/ Jared M. Le Fevre
JARED M. Le FEVRE

CROWLEY, HAUGHEY, HANSON,
TOOLE & DIETRICH P.L.L.P.
ATTORNEYS AT LAW
BILLINGS, MONTANA

6