UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

    INCREDIBLE AUTO SALES, LLC,

                Debtor.

Case No. **06-60855-11**

**ORDER ALLOWING
USE OF CASH COLLATERAL
THROUGH MARCH 20, 2007**

At Butte in said District this 5th day of March, 2007.

In this Chapter 11 bankruptcy, Debtor filed a Motion to Extend Limited Cash Collateral Usage on February 16, 2007. Debtor's Motion was filed in accordance with Mont. LBR 9013-1, and includes a notice provision granting parties in interest 10 days to respond and notice the matter for hearing. The time to respond to Debtor's Motion has expired and the Court has not received any opposition to an extension of Debtor's limited use of cash collateral. In the absence of any timely opposition,

IT IS FURTHER ORDERED:

1. That the Debtor shall be granted authority to use cash collateral in substantial conformance with the categories and amounts budgeted for March 1, 2007, through March 20, 2007, as set forth in the Revised Budget filed by Debtor on February 20, 2007, at Docket Entry

1

No. 277, which also includes rent owing to Ernie and Leanne Dutton and the other co-tenant lessors for the dealership property commencing for the payment of February 15, 2007, and for March 15, 2007 (if Debtor still is conducting business at this location and this Order is effective), at a rate of $10,000 per month.

    2. This Order Allowing Use of Cash Collateral shall automatically expire on March 20, 2007, unless specifically continued either by agreement of the parties or by further Court order.

    3. Hyundai has and shall continue to have a security interest in all inventory, equipment, fixtures, accounts and general intangibles and the proceeds thereof, acquired by Debtor during the pendency of this Case, including, without limitation, all Inventory, all Replacements, all Trade-ins, the Dealer Agreement, the proceeds of sale of Debtor's interest in the Franchise, and Trust Accounts A, B, C and D, which security interest shall be effective from and after the Date of Bankruptcy. The security interest granted herein shall be identical to and shall enjoy the same priority as that security interest granted to Hyundai under the terms of the Loan Agreement and shall be evidenced by this Order and the Loan Agreement; provided, that the Debtor shall execute and Hyundai may file such motions, notices, additional security agreements, control agreements and financing statements as Hyundai deems necessary to fully comply with 11 U.S.C. § 552(b) an and Mont. Code Ann. § 30-9-101, *et seq.*, during the pendency of this Case. This provision does not alter or prejudice the rights of any auction entities alleging reclamation claims involving any auction vehicles, which claims are subject or may be subject to adversary proceedings and which will be determined by subsequent order of this Court.

    4. That the deposit of funds in the established trust accounts A, B, C, D and E shall

2

continue as described previously in the hearings, the exhibits and the pleadings filed with the Court, provided, however, that, by stipulation between Debtor and Hyundai, only sufficient money shall be transferred from the trust accounts to fund Debtor's cash needs as set forth on Debtor's Revised Budget filed February 20, 2007, at Docket Entry No. 277, and the balance in any trust accounts shall be remitted to Hyundai.

5. That Debtor's profit shall be transferred from Trust Accounts A, B, C, or back to Debtor-in-Possession Account –two times per week. Factory receivables shall reimburse Account A or Account C when received. Profit shall be defined as the difference between the total sales proceeds (cash, loan and/or trade-in) received for each vehicle transaction less the particular October 17, 2006, inventory valuation, List A and List B as admitted as Exhibits 1 and 2 at the hearing held on November 6, 2006, and any additional cost associated with the sale of the vehicle. Moneys received by the Debtor from the Debtor from Dealer incentives, co-ops and other receivables shall be deposited in the D.I.P. Account.

6. After the above transactions are completed, Trust Account A and Trust Account B shall continue to be operated to purchase replacement inventory as previously described in the Hearings, the Exhibits and Pleadings filed with the Court.

7. Additionally, the Profits as previously defined in paragraph (5) above shall continue to be transferred and deposited as previously outlined.

8. All Trust Accounts shall have the signatories only of Kenneth C. Cornelison and Zsaneece L. Gutierrez, who shall also sign all Debtor-in-Possession checks for the Debtor-in-Possession approved expenses.

9. Transfer of Title, certificates of title and MSOs for all vehicle Inventory, including Trade-ins, Replacements, shall be delivered to and held in trust by Clarke B. Rice, a local

3

Billings, Montana attorney. Debtor shall provide Hyundai with such information regarding each proposed sale of vehicle Inventory, Trade-ins and Replacements as may require, including, without limitation, a completed deal sheet in form filed with the Court and Hyundai and evidence that the purchase price has been actually received and has been deposited in good funds in the Trust Account designed for receipt of such proceeds as set forth in the Procedure sheet attached as Exhibit A. Such information shall be transmitted by facsimile or electronic mail to Mr. Dale Ueno at (714) 965-7012 or dueno@hmausa.com4 or, in his absence, Mr. Caleb Cottam at (714) 965-3374 or ccottam@hmausa.com. Alternatively, such documents may be hand-delivered to Mr. Ueno or Mr. Cottam. Local Counsel is authorized to release titles or MSOs in connection with proposed sales only upon Hyundai's written approval thereof which Hyundai shall use its best efforts to transmit to the Manager by facsimile or electronic mail within four (4) business hours of receipt of Debtor's request.

    10. Debtor shall provide Hyundai each of the following items of information and reports during the pendency of this Case.

        A. When Hyundai deems it necessary, in its sole discretion and without prior notice, Debtor shall provide access to Debtor's places of business in Billings, Montana, at any time during normal business hours during the pendency of this Case, (i) for physical inventories of Hyundai's collateral, and (ii) for review of all "deal jackets", sources, amounts of funding and other information as permitted by the Loan Agreement. Nothing herein shall obligate Hyundai to conduct any inspection and/or audit of such inventory and/or documents.

        B. Debtor shall provide Hyundai daily by electronic mail with records of its sales, bank deposit slips and cash payments and with such additional records as may be reasonably requested by Hyundai in writing, or orally, whether in person or by telephone.

C. Debtor shall provide Hyundai, during the pendency of this Case, with copies of all financial reports and/or statements required to be filed with the Court or served on any creditor, including but not limited to, all income and expense or profit and loss statements, all balance sheets, updated monthly inventories, all listings of account receivable and/or accounts payable as listed on page (1) of the Debtor's Financial Statement, including, without limitation, any prior liens and amounts owed on sold vehicles or Trade-ins, and all statements relating to employee compensation and/or payroll, taxes paid or held as listed on page (2) of the Debtor's Financial Statement.

D. Debtor shall promptly upon receipt provide to Hyundai copies of all bonafide offers to purchase the Debtor or Debtor's assets outside the ordinary course of business.

E. Hyundai shall have the right to inspect, as it deems necessary and upon reasonable notice to Debtor and with the capability of the Debtor's personnel, all of Debtor's accounting records to verify the accuracy of Debtor's accounting information and practices, and not to harass or confound Debtor. In the event any dispute arises as to what is reasonable notice, the Court is to be contacted for an emergency hearing and the Court will determine what is reasonable.

11. Ken C. Cornelison ("Manager") shall serve as general manager of the Debtor. Manager and Zsaneece L. Gutierrez shall be the only persons authorized to sign checks on behalf of the Debtor during the pendency of this case. R. Nick Gutierrez shall not participate in the management of the Debtor during the pendency of this case. R. Nick Gutierrez shall not receive any salary and/or benefits from Debtor, except as may be authorized by Court Order after notice and hearing.

12. Every month, approximately on the 15th day, a printed recap of actual monthly

expenses for the previous month shall also be forwarded to Hyundai and any other auction creditors requesting recap. The March 15th printed recap shall cover the period of time from February 1, 2007, through February 28, 2008, and the April 15th printed recap shall cover the period of time from March 1, 2007, through March 31, 2007. Debtor shall provide to the United States Trustee all required reports pursuant to the time periods established by that office.

       13. Debtor shall provide to Hyundai and the auction entities all information requested by such entities regarding outstanding liens on any trade-in vehicles and any payments made on such liens and any other pertinent information. The Court expects that such information has already been voluntarily exchanged from Debtor to Hyundai and the auction entities.

       14. Except as modified herein, all prior stipulations arising in this case and in all adversary proceedings involving Debtor, signed by the parties and approved by this Court are fully enforceable.

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana