| | |
|---|---|
| 1 | |
| 2 | JARED M. LE FEVRE        ID No.: 5979 |
|   | CROWLEY, HAUGHEY, HANSON, |
| 3 |  TOOLE & DIETRICH P.L.L.P. |
|   | 500 TRANSWESTERN PLAZA II |
| 4 | 490 NORTH 31ST STREET |
|   | P. O. BOX 2529 |
| 5 | BILLINGS, MT  59103-2529 |
|   | TELEPHONE: (406) 252-3441 |
| 6 | FACSIMILE: (406) 259-4159 |
|   | EMAIL:  jlefevre@crowleylaw.com |
| 7 | |
| 8 | ATTORNEYS FOR NUVELL CREDIT COMPANY LLC |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No.:  06-60855-RBK-11 |
|  | ) |  |
| INCREDIBLE AUTO SALES LLC, | ) |  |
|  | ) | **NOTICE OF HEARING** |
|  | ) |   Date:  April 24, 2007 |
| Debtor. | ) |   Time:  9:00 a.m. |
|  | ) |   Location:  5th Floor Courtroom |
|  | ) |     Federal Building |
|  | ) |     316 North 26th Street |
|  | ) |     Billings, MT  59101 |
| _____ | ) |  |

**OBJECTION OF NUVELL CREDIT COMPANY LLC TO DEBTOR'S MOTION
FOR LEAVE TO TRANSFER VEHICLES**

Nuvell Credit Company LLC ("Nuvell") objects to Debtor's Motion for Leave to Transfer Vehicles for the following reasons:

1.      Debtor requests that the vehicle (1999 Oldsmobile Silhouette, VIN IGHDX03E3XD160570)(the "Vehicle") subject to Nuvell's security interest be transferred in

full settlement of the debt that both the customer and Debtor may have to Nuvell. However, Debtor has not cited to **any** legal authority that supports a complete release of its liability for the conversion of this asset or **any** legal authority that would support a release of the customer from contractual liability for the Vehicle.

2. As stated in Nuvell's motion for relief of stay for the Vehicle:

On October 30, 2000, Kevin J. Parnell and Tamara A. Parnell entered into a Retail Installment Contract (the "Contract") in writing with Les Marks Chevrolet Inc. of La Porte, Texas for the Parnells' purchase of the Vehicle . . . Thereafter, Les Mark's interest in the Contract was in due course assigned to Nuvell. Pursuant to the Contract, Nuvell has a security interest in the Vehicle. Nuvell perfected that security interest by filing a Notice of Lien Filing with the Montana Department of Motor Vehicles and the security interest in noted on the Vehicle's title . . . **Upon information and belief, the Parnells entered into a subsequent contract with Debtor wherein the Vehicle was traded to Debtor as part of the transaction. In the ordinary course of business, the dealer pays off the outstanding balance of the debt on the trade-in vehicle and obtains title to the same. This did not happen in the present case. As a result, the full balance of the Contract is due and owing, the Parnells are in breach of the Contract and Debtor is in possession of the Vehicle without paying off Nuvell's security interest.**

Motion to Modify Stay dated February 23, 2007 (Docket No. 290)(emphasis added).

3. Debtor never responded to the Motion to Modify Stay. Thus, the allegation is well taken that Debtor failed to pay off Nuvell's pre-existing security interest despite its obligation to do so. There is no basis to excuse the Debtor of liability for its pocketing the money it received from the customers purchase rather than pay off Nuvell's existing security interest.

4. Further, the Contract referenced above dated October 30, 2000, obligates the Parnells to make payment in full on the Vehicle. Whether the Parnells are an innocent party and should be relieved of further contractual obligation to Nuvell is a matter between the

CROWLEY, HAUGHEY, HANSON,
TOOLE & DIETRICH P.L.L.P.
ATTORNEYS AT LAW
BILLINGS, MONTANA

2

Parnells and Nuvell to resolve.  There is no basis for Debtor withholding the Vehicle based upon this.

5. This Motion is essentially moot toward Nuvell since Nuvell has already received relief from the automatic stay for the Vehicle.  (See Order granting relief of stay dated March 12, 2007, Docket No. 318).  Nuvell is entitled to pursue all of its nonbankruptcy remedies in obtaining possession of the vehicle.  Though Debtor should voluntarily surrender the Vehicle to Nuvell, Nuvell is entitled to use self help repossession or any other legally permitted method.  Nuvell objects hereto on the basis that it has the right to repossess the Vehicle and thereafter file a proof of claim for whatever claim it may have against Debtor.  Debtor has the right to thereafter object to the proof of claim; however, Debtor cannot disclaim its liability at this time by its threat to withhold the Vehicle until liability is waived.

**WHEREFORE**, Nuvell Credit Company LLC respectfully requests the Court to deny Debtor's Motion for Leave to Transfer Vehicle and to order the Debtor to immediately turn over the Vehicle to Nuvell.

Dated this 15th day of March, 2007.

        CROWLEY, HAUGHEY, HANSON,
         TOOLE & DIETRICH P.L.L.P.


By    /s/ Jared M. Le Fevre
   JARED M. LE FEVRE
   P. O. Box 2529
   Billings, MT  59103-2529
Attorneys for Nuvell Credit Company LLC

### Certificate of service

Under penalty of perjury, I hereby certify that on the 15th day of March, 2007, a true and exact copy of the foregoing was served upon the following parties of record:

[X] via ECF

William L. Needler
555 Stokie Blvd Ste 500
Northbrook, IL  60062
By ECF Notice

Daniel P. McKay
Liberty Center Suite 204
301 Central Ave.
Great Falls, MT  59401
By ECF Notice

Neal G. Jensen
Assistant U.S. Trustee
Liberty Center, Ste 204
Great Falls, MT  59401
By ECF Notice

    /s/ Jared M. Le Fevre
JARED M. Le FEVRE