Daniel P. McKay
Office of United States Trustee
Liberty Center, Suite 204
301 Central Avenue
Great Falls, MT  59403
Phone: (406) 761-8777
Fax: (406) 761-8895
e-mail: dan.p.mckay@usdoj.gov
State Bar I.D. No. 2422
(Attorney for the United States Trustee)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re                                                  )      Case No. 06-60855-11
                                                       )
INCREDIBLE AUTO SALES, L.L.C.,                         )      **NOTICE OF HEARING**
                                                       )      **Date: April 24, 2007**
            Debtor.                                    )      **Time: 9:00 a.m.**
                                                       )      **Location: 5th Fl. Courtroom**
                                                       )      **316 N. 26th Street**
                                                       )      **Billings, Montana**
_____

OBJECTION TO FIRST APPLICATION OF WILLIAM L NEEDLER AND ASSOCIATES,
ATTORNEYS FOR DEBTOR, FOR INTERIM FEE ALLOWANCE
AND REIMBURSEMENT OF COSTS
_____

United States Trustee Ilene J. Lashinsky ("UST"), through her undersigned attorney, Daniel P. McKay, respectfully objects to the First Application of William L. Needler and Associates, Attorneys for Debtor, for Interim Fee Allowance and Reimbursement of Costs.  This objection is made upon the following grounds and for the following reasons:

1. Generally this is a difficult fee application to evaluate.  On the one hand, the main objective of finding a buyer for the bulk of the assets of this estate has been realized.  On the other hand, it appears that to some extent, progress in this case is attributable as much to this Court's active management with regard to cash collateral and sale issues as it is to the efforts of Debtor's attorney.  The events leading up to the Court's approval of the Debtor's motion to sell assets to Rimrock Chrysler is the clearest example of this.  On January 7, 2007, the Debtor filed an "emergency" motion to approve the contract of sale to Rimrock Chrysler (Docket no. 176).  In spite of being styled an "emergency" motion, the motion was accompanied by a notice giving

parties ten days to object and set the motion for hearing. That notice, rather than providing that an objecting party had to give at least 20 days notice of hearing, provided instead:

> This contested matter shall be scheduled for hearing for the next hearing date scheduled in the division within which the case of filed.........In the event such scheduled hearing date is thirty (30) days beyond the filing date of the motion for relief, then a preliminary hearing within such thirty (30) day period shall be scheduled by the responding party after such party contacts the Clerk of Court to confirm the preliminary telephone hearing date and time, which shall be set forth in the response.

Under this Court's local rules such a notice provision is peculiar to motions to lift the automatic stay and is not applicable to a sale motion under § 363 of the Bankruptcy Code. Mont. LBF 8. Filed with the motion also was a proposed "Notice to All Creditors, Interested Parties and Other Bidders of the Sale of Assets". That proposed notice provided that objections to the sale would be heard on the next hearing date after February 15, 2007. Further, it stated "Notice of the objection period for objection [sic] or new bids is extended to February 10, 2007."

Perhaps realizing that these conflicting notice provisions made no sense, this Court, on January 12, 2007, set the sale motion for hearing on January 23, 2007 (Docket no.184). At that hearing, Debtor's attorney urged the Court to approve the sale to Rimrock even though no notice of any bidding procedures had been sent. It is the recollection of the undersigned that this Court solicited testimony regarding what efforts had been made to attract potential buyers in order to create a record sufficient to support approval of the sale to Rimrock without imposing any formal bidding procedures or further notice requirements.[1]

While it is true that Debtor's attorney does not regularly practice before this Court, that is no excuse for failing to follow the procedures that govern such practice. Rather that associate with local counsel that is familiar with the procedural requirements of this Court, Debtor's attorney associated with an attorney that was just as unfamiliar with such practices as he is. Had this Court not steered the sale motion toward approval in spite of the procedural flaws, this case might have been dismissed or converted before any sale was approved.

2. The following are specific examples of instances in which pleadings filed by Debtor's

---

[1] The order approving sale (Docket no. 243) did provide for the potential overbid by one party whose name was brought up by a creditor's attorney at the hearing

2

1 attorney were inadequate, or not filed on a timely basis:

2     a. Docket no. 40. Included request for Court to reset the 341 meeting. A review of the
3 local rules would have informed Debtor's attorney that such request must be made to the UST.

4     b. Docket no. 53. Amended application to employ Debtor's attorney. The employment
5 had already been approved. The Court noted in a footnote in the order approving the amended
6 application that it was substantially similar to the first application.

7     c. Docket no. 110. Application to Employ Southwest Brokerage Company. The Court
8 denied the application, with leave to refile, because of what the Court called "obvious errors
9 contained in the attachment to Debtor's Application." (Docket no. 151). Debtor's attorney did
10 not file another application for employment of the broker until February 28, 2007, over five
11 weeks after denial of the first application, thereby putting the broker's fee in jeopardy.

12     d. Docket no. 165. Application to employ Clarke Rice as co-counsel. This application
13 was not filed until this case had been pending for over two months. The application was
14 withdrawn after an objection was filed by the UST pointing out that Mr. Rice might not be
15 disinterested and might have conflicts of interest. Had the application been timely filed at the
16 start of the case, Mr. Rice could have made a determination at that time as to whether to
17 withdraw the application or contest the objection. Instead he provided services for over two
18 months for which he cannot apply for allowance as an administrative expense. Further, failure to
19 file the application timely deprived the Court, the UST, and other parties the opportunity to
20 assess whether the employment of Mr. Rice potentially was detrimental to the estate.

21     e. Docket no. 215. Plan of Reorganization. The plan provides that all claims are
22 unimpaired "since all creditors will receive their claims [sic] pursuant to a Title 11 Code
23 liquidation sale." Under Bankruptcy Code § 1124 **all** of the claims are impaired because the plan
24 neither leaves the rights of any creditors unaltered (§ 1124(1)) nor provides for curing of defaults
25 reinstatement of maturities, or any of the other requirements of § 1124(2). If all of the claims
26 truly were unimpaired, as asserted in the plan, no creditors would have the right to vote to accept
27 or reject the plan.

28     f. Docket no. 224. Disclosure Statement. The Disclosure Statement also asserts that the

proposed plan does not require a vote but inexplicably requests that all creditors vote in favor of the plan anyway. It is generally poorly drafted and wholly inadequate. Numerous objections were filed and Debtor's attorney acknowledged the need to amend it.

    3. Bankruptcy Code § 330(a)(3) provides in part:

> In determining the amount of reasonable compensation....the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
>     (A) the time spent on such services;
>
>     (B) the rates charged for such services;
>
>     (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>     (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
>     (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
>     (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Applying these criteria to the present fee application is very much a subjective task. The fees sought for the time spent preparing the documents referenced in paragraph 2 above, approximately 24 hours, are not great in relation to the total amount requested. Disallowing such fees would result in a reduction of about $6,500. However, it is the assertion of the UST that a larger reduction is warranted based on an assessment of the first four criteria in § 330(a)(3). Debtor's attorney's hourly rate exceeds that charged by local attorneys doing chapter 11 work in the State of Montana. The Court should expect the services to be performed as skillfully as would be expected from the most qualified Montana attorneys. The UST asserts that, unfortunately, that has not been the case. Many of Debtor's attorneys pleadings appear to have been hastily thrown together and poorly researched. His assertions in the plan and disclosure statement that the plan does not require a vote for confirmation demonstrates an unacceptable lack of understanding of the legal requirements of Chapter 11 of the Bankruptcy Code. His

failure to file timely applications for the employment of professionals evidences a disregard of the Debtor's duties under the Bankruptcy Code and of the interests of the professionals that provided services to the estate in reliance on the performance of those duties.

For these reasons the UST asserts that a reduction of one third to one half of the requested fees is justified under the circumstances of this case.

WHEREFORE, the United States Trustee objects to the First Application of William L. Needler and Associates, Attorneys For Debtor, For Interim Fee Allowance And Reimbursement of Costs.

DATED this 16th day of March, 2007.

    Respectfully Submitted

    ILENE J. LASHINSKY
    United States Trustee

    /s/ Daniel P. McKay
    DANIEL P. McKAY
    Attorney for United States Trustee