**Jeffery A. Hunnes**
**Guthals, Hunnes, Reuss & Thompson, P.C.**
**P.O. Box 1977**
**Billings, MT  59103-1977**
**Telephone Number 406-245-3071**
**Facsimile Number 406-245-3074**
**E-Mail Address jhunnes@ghrtlawfirm.com**
**Montana State Bar I.D. No. 2406**

**Attorneys for Ernie and Leanne Dutton; Livingston Marble and Granite, Inc.; William and Evelyn Scalise; and Greg and Emily Strong**

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| **In Re:** ) | Case No. 06-60855 |
| ) | |
| **INCREDIBLE AUTO SALES, LLC.** ) | STIPULATION RE: LEASE AND |
| ) | MOTION FOR APPROVAL |
| ) | |
| **Debtor.** ) | |
| ) | |

Ernie and Leanne Dutton, Livingston Marble and Granite, Inc, William and Evelyn Scalise, and Greg and Emily Strong, ("Lessors"), Incredible Auto Sales, LLC ("Debtor"), and Hyundai Motor Finance Company ("Hyundai") have entered into the following Stipulation effective March 19, 2007.

### RECITALS

1.	Debtor filed a Petition under Chapter 11 of the Bankruptcy Code on October 17, 2006.

2.	Lessors are parties to a commercial lease agreement with Debtor for the premises located at 1832 King Avenue West, Billings, Montana ("Lease").  The premises located at 1832 King Avenue West, Billings, Montana have been used by Debtor for its automobile dealership ("Premises").

3. On January 4, 2007 the Bankruptcy Court granted Debtor's motion to assume the Lease with Lessors pursuant to 11 U.S.C. §365.

4. On January 12, 2007 the Bankruptcy Court granted Hyundai's Expedited Motion to Modify Stay and modified the stay to permit Hyundai to pursue its nonbankruptcy remedies against Debtor's new and used vehicle inventory, parts inventory, equipment and fixtures, but excluding certain used vehicles identified in adversary proceedings.

5. On January 24, 2007 the Bankruptcy Court entered an Order authorizing Debtor to use cash collateral in substantial conformance with categories and amounts budgeted by Debtor, including payments of rent to Lessors due February 15, 2007 and March 15, 2007 at a rate of $10,000 per month. The Order provided that sufficient funds would be transferred from Hyundai's trust accounts to fund the budgeted cash collateral requirements.

6. On March 5, 2007, the Bankruptcy Court continued authorization of Debtor's use of cash collateral, including payment of rent to Lessors due March 15, 2007 in the sum of $10,000.

7. Debtor has advised Lessors that it intends to conduct an auction sale of certain furniture, fixtures and equipment located at or on the Premises, to be completed before April 15, 2007. All property to be auctioned or sold is subject to Hyundai's security interest and the Court's January 12, 2007 Order modifying the automatic stay.

8. Disputes have arisen between Lessors and Debtor as to whether certain property constitutes removable fixtures or trade fixtures under the Lease.

## AGREEMENT

Lessors, Debtor and Hyundai stipulate and agree as follows:

1. Debtor (through release of cash collateral by Hyundai) shall pay Lessors $10,000 as rent for the period from March 15 through April 15, 2007. Debtor will remain at the Premises, conduct its auction, and ensure that all sold property is removed from the Premises prior to April

15, 2007. Lessors' representative(s) shall be permitted to inspect and review any property to be sold or removed from the Premises, after reasonable notice from Debtor.

2. Lessors shall pay Debtor $15,000 for the following property alleged by Debtor to be removable fixtures under the Lease. Debtor and Hyundai will provide satisfactory conveyance documents to Lessors for this property, free and clear of liens and encumbrances. The property to be purchased is:

> I. All exterior light poles, wiring, lights, bulbs, and related accessories, structures and property. These consist of approximately 25 standing light poles mounted on concrete pillars with one to three head lighting units.
>
> II. All interior lighting fixtures, wiring, bulbs and related accessories, structures and property, including all hanging lights and light fixtures located in the showroom, and service areas of the Premises.
>
> III. The two pole sign at the west end of the car lot, approximately 30 feet high, with all lighting, wiring, signage, poles, bulbs and related accessories, structures and property.
>
> IV. All back lot fencing, including poles, gates and all fence materials.
>
> V. All of the exterior awning/signage/pole structure extending around the outside of the main building on the Premises, and related accessories, structures and property.

3. All interior and exterior walls, partitions, counter tops, lighting, plumbing, electrical system, HVAC system, windows, doors, garage doors, glass, flooring, wall and window treatments, parking lot pavement, and all other materials and structures shall remain as part of the Premises. Debtor and Hyundai acknowledge that this property does not constitute removable fixtures under the Lease.

4. On or before April 15, 2007, Debtor shall repair any damage caused by removal of any furniture, equipment, trade fixtures or other personal property, including properly capping electrical and plumbing connections.

3

5. On or before April 15, 2007, Debtor shall ensure that the waste oil tank and any waste oil, solvent, paint or chemical drums are removed from the Premises.

6. If Debtor elects to completely vacate the Premises on or before April 15, 2007, it will leave the Premises free of waste and debris, and in a reasonably clean condition.

7. By this Stipulation, Lessors do not waive any right to declare a default under the Lease, and Lessors specifically reserve the right to exercise their remedies and enforce the Lease according to its terms and their rights under the Bankruptcy Code. By this Stipulation, Lessors, Debtor and Hyundai make no determination as to the proper treatment, classification or payment of Lessors' claims for unpaid rent, taxes, utilities or any other obligations under the Lease.

Lessors, Debtor and Hyundai respectfully jointly move the Court to approve the terms of this Stipulation.

Dated this  19th  day of March, 2007.

>Guthals, Hunnnes, Reuss & Thompson, P.C.
>P. O. Box 1977
>Billings, MT  59103-1977
>
>By:  *Jeffery A. Hunnes*_____
>   Attorneys for Creditors Ernie and Leanne Dutton;
>   Livingston Marble and Granite, Inc.; William and
>   Evelyn Scalise and Greg and Emily Strong
>
> /s/ *William L. Needler* *_____
>William L. Needler, Attorney for
>Incredible Auto Sales, LLC
>
>Holland & Hart, LLP
>P O Box 639
>Billings  MT 59103-0639
>
>By:   /s/  *Shane Coleman* *_____
>     Attorneys for Hyundai Motor Finance Co.

* Counsel for Lessors represents the consent of these parties to this Stipulation.

4

## NOTICE TO CREDITORS

If you object to the application, you must file a written responsive pleading and request a hearing within ten (10) days of the date of the motion. The objecting party shall schedule the hearing and shall include in the caption of the responsive pleading the date, time and location of the hearing by inserting in the caption the following:

> NOTICE OF HEARING
> Date: _____
>
> Time: _____
>
> Location: _____

This contested matter shall be scheduled for hearing for the next hearing date scheduled in the division within which the case is filed. The date, time, and location of the hearing can be obtained from the Clerk of Court or from the Court's website at www.mth.uscourt.aov. In the event such scheduled hearing date is thirty (30) days beyond the filing date of the motion for relief, then a preliminary hearing within such thirty (30) day period shall be scheduled by the responding party after such party contacts the Clerk of Court to confirm the preliminary telephone hearing date and time, which shall be set forth in the response.

If you fail to file a written response to the above Motion to Modify Stay with the particularity required by Mont. LBR 4001-1(b), and request a hearing, within ten (10) days of the date of this Notice, with service on the undersigned and all parties entitled to service under all applicable rules, then your failure to respond or to request a hearing will be deemed an admission that the motion for relief should be granted without further notice of hearing.

DATED this  19th  day of  March, 2007.

>       Guthals, Hunnnes, Reuss & Thompson, P.C.
>       P. O. Box 1977
>       Billings, MT  59103-1977
>
>       By:  *Jeffery A. Hunnes*_____
>            Jeffery A. Hunnes

5

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY,** under penalty of perjury, that the foregoing Stipulation re: Release and Motion for Approval was filed on March  19 , 2007, with the Clerk of the Bankruptcy Court using the CM/ECF system, which will electronically notify all persons listed with the Court.

**Guthals, Hunnes, Reuss & Thompson, P.C.**


By:     *Jeffery A. Hunnes*
ATTORNEYS FOR CREDITORS ERNIE AND
LEANNE DUTTON; LIVINGSTON MARBLE
AND GRANITE, INC.; WILLIAM AND EVELYN
SCALISE; AND GREG AND EMILY STRONG.