William L. Needler
William L. Needler and Associates
555 Skokie Blvd., Ste 500
Northbrook, IL  60062
(847) 559-8330 ph
(847) 559-8331 fax
Bar ID 02025248
E-Mail: WilliamLNeedler@aol.com
Attorneys for the Debtor
Incredible Auto Sales LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA**

| | | |
|---|---|---|
| IN RE: | ) | |
| Incredible Auto Sales L.L.C. | ) | Case No.  06-60855-RBK |
| | ) | |
| Debtor | ) | A Chapter 11 Proceeding |
| | ) | for Reorganization |
| | ) | |
| | ) | Judge Ralph B. Kirscher |
| | ) | |

**FINAL
APPLICATION OF WILLIAM L. NEEDLER AND ASSOCIATES,
ATTORNEYS FOR DEBTOR, FEE
ALLOWANCE AND REIMBURSEMENT OF COSTS**

-------------------------------------------------------------------------------------------

TO:   The Honorable Ralph B. Kirscher, Bankruptcy Judge.

The Application of William L. Needler and Associates,  respectfully represents:

1.  The Applicant Law Firm is Counsel for the above-named Debtor and Debtor-in-Possession and makes this Application for the interim allowance of compensation, pursuant to Section 331 of the Bankruptcy Code, for professional services rendered and for reimbursement of actual out-of-pocket expenses necessarily incurred by Applicant

Law Firm in the representation of said Debtor.

    2. That on the 17th day of October 2006, the Debtor filed a voluntary petition under Title 11 of Chapter 11 of the United States Bankruptcy Code and an Order for relief thereupon issued.

    3. The Debtor has continued in possession of the property of this estate after the commencement of the case and operated the business and managed the property pursuant to 11 U.S.C. Section 1107(a) and 11 U.S.C. Section 1108 up until conversion of the case to a Chapter 7 on April 10, 2007.

    4. That on or about October 19, 2006 upon proper application filed with the Petition and notice by the Debtor, this Court entered an Order approving the employment of William L. Needler and Associates Pro Hac Vice to represent the Debtor in these Title 11 proceedings presently pending before the Court.

    5. The Law Firm of William L. Needler and Associates, was retained on a general retainer as heretofore disclosed in the Debtor's Application, the Statement of Fees filed with the Clerk pursuant to 11 U.S.C. Section 329 and Bankruptcy Rule 2016(b) and as authorized by the above Order.

    6. That this Applicant has filed a prior First Interim Fee Application with the Court in these proceedings for the period September 15, 2006 through February 27, 2007; which is now under advisement – no decision or Order has been entered

    7. That this Application covers services rendered and expenses incurred from February 28, 2007 through April 10, 2007. Members of the Applicant Firm performed all professional services for which interim allowance of compensation is requested on behalf of the Debtor and not on behalf of any committee, creditor or any

other person.

8.  This Debtor remained in possession of its assets from October 17, 2006, the filing date until after the Sale of Assets to Rimrock Chrysler had occurred.

9.  At that point on April 10, 2007, the Chapter 11 Case was converted to a Chapter 7 and a Trustee Joe Womack of Billings, Montana took over the remaining assets after the sale.

10.  During the period covered by this Application, the Applicant Firm expended in aggregate 45.5 hours for professional services on behalf of the Debtor.  Professional time includes 9.0 hours for attorney travel time.
Professional time was expended as follows:

| Attorney | Hours |
|---|---|
| William L. Needler | 45.5 |
| William L. Needler Travel | 9.0 |
| TOTAL: | 54.5 |

A complete accounting of the foregoing time is provided in the attached Recap and incorporated herein by reference.  The rates charged by the applicant firm are as follows:

### ATTORNEYS

| | |
|---|---|
| William L. Needler | $275.00 |
| William L. Needler Travel | 137.50 |

### PARALEGALS

| | |
|---|---|
| Paralegal "A" | $80.00 |

Accordingly, and based on such rates, the value of professional services rendered

during the period February 28, 2007 through April 10, 2007 by the Applicant firm totals $13,750.00.

11. Expenses billed through April 10, 2007 for William L. Needler and Associates which have not been reimbursed, total $486.14 and are also detailed in Exhibit "A" and included on the attached Recap.

12. Thus, the Applicant Firm is seeking a final fee allowance in the amount of $13,750.00 and reimbursement of costs in the amount of $486.14, or a total amount of $14,236.14. The Applicant Firm is also seeking $74,917.71 from the First Fee Application which is still under advisement.

13. In requesting these fees, the Applicant has taken into consideration the various criteria suggested by the courts for determining awards of compensation in Bankruptcy cases and is prepared to demonstrate that this Applicant and its services meet the guidelines established therein. See <u>In Re First Colonial Corp. of America</u>. 544 F. 2d 1291 (5th Cir. 1977).

14. William L. Needler and Associates professional services for the Debtor during the period covered by this application include the following:

      (a) Negotiations with various creditors and their attorneys after the filing of the Chapter 11 petition and during the pendency of these Chapter 11 proceedings;

      (b) Preparation of the Debtor's Statement of Financial Affairs and Schedule of Liabilities;

      (c) Representation of the Debtor at a meeting of creditors;

      (d) Preparation of motions and representation of Debtor with respect to motions and objections brought by various creditors;

    (e)    Preparation and presentation of evidence at hearings having to do with cash collateral usage and relief from stay;

    (f)    Work on sale of franchise and other assets;

    (g)    Preparation of the Debtor's Chapter 11 Plan of Reorganization and other related documents filed with the Court;

    (h)    Arranged protection of important Debtor files in this case from total seizure and total removal by the U.S. Justice Department.

    (i)    Continued protection of the Kia Franchise so that this asset could be turned into cash for this estate.

    (j)    File necessary Appeal to orders in this case;

    (k)    Advising and counseling the Debtor on his duties and responsibilities as Debtor-in-Possession and on all other matters arising in or related to these proceedings.

15. After being retained as counsel in this case, no beneficial interest, direct or indirect, in any claims against or interest in the Debtor has been acquired or transferred to the Applicant on or for its account of any of their individual members.

16. No payments have been made or promised to William L. Needler and Associates, for services rendered in connection with this case except a $25,000 retainer (from third parties) was paid and a $1,039.00 filing fee paid prior to filing. (Amended Statement of Fees and Expenses advance have been previously filed in this case at Docket # 119 on 1/14/07.

17. No agreement or understanding exists between the Applicant and any other person to share Applicant's compensation for services rendered in connection with the case except among members of the law firm; and no agreement or understanding exists between the Applicant and any other person rendering services in connection

with this case to share such other person's compensation.

18. All services for which the Applicant requests compensation were performed with regard to the petition under Chapter 11 and were rendered in connection with this proceeding, pursuant to an Order of this Court. (These Services were performed to protect the Kia Franchise and assets so that they could be sold.

19. The services which are shown in Exhibit "A" were both actual and necessary and the compensation requested is reasonably based on the time, nature, extent and value of such services rendered in connection with the proceedings of these Debtor before this Court.

20. The hourly rate for professional services of attorneys William L. Needler and Associates heretofore more fully set forth, are both reasonable and competitive with the prevailing rates charged for such services. This rate was agreed to between the Debtor and his Attorney before the filing.

21. The services performed by the Applicant have been for the benefit of this estate and for the purpose of protecting the Debtor's property and assets of the estate.

The Kia Franchise now sold pursuant to Order of Court has been protected since filing. A pre petition cause for cancellation of a franchise can be the loss of a floor line. Such cancellation after filing was prevented so asset and value could be maximized for creditors and this estate.

22. The Applicant's time and charges are herein categorized and labeled by tasks as follows:

| Category | Task | Time | Charges |
|---|---|---|---|
| 1 | Interim Fee Applications and review | 1.2 | $ 330.00 |

| | | | |
|---|---|---|---|
| | of timeslips, employment, filing activities and prepetition discussions | | |
| 2 | Administrative matters, Creditor meetings, U.S. Trustee Reports, preparation of filing documents, Schedules, Statement of Affairs, and Committee Matters | 0 | $ 0 |
| 3 | Adversary proceedings | 0 | $ 0 |
| 4 | Debtor's Plans and Disclosure Statements and Confirmation | 7.3 | $ 2,007.50 |
| 5 | Sale and Protection of Assets including preparation of documents to hire the Broker to sell all assets | 12.2 | $ 3,355.00 |
| 6 | Matters relating to various creditor interests and claims | 0 | $ 0 |
| 7 | Cash collateral motions, hearings and matters relating to use of collateral | .40 | $ 110.00 |
| 8 | Matters relating to pending litigation | 6.9 | $ 1,897.50 |
| 9 | Dealer operations | 2.7 | $ 742.50 |
| 10 | Matters relating to Prepetition Litigation | 5.0 | $ 1,375.00 |
| 11 | Travel | 9.0 | $ 1,237.50 |
| 12 | Appeal and Appeal Procedures | 0 | $ 0 |
| 13 | Protection of Debtor's Files | 9.8 | $ 2,695.00 |
| | TOTALS | 54.5 | $13,750.00 |

WHEREFORE, William L. Needler & Associates respectfully requests this Court issue an Order authorizing the payment and disbursement from such monies as may be, or may become available, the sum of $13,750.00 for legal services and $486.14 as reimbursement of out-of-pocket expenses, plus the net of $74,917.71 not granted from

the First Fee Application; or a total net requested payout of $89,153.85.

DATED: May 13, 2007

                WILLIAM L. NEEDLER & ASSOCIATES

                by: __/s/ William L. Needler_____

## **EXHIBIT A**

  Recap of all Professional Fees and Unreimbursed Expenditures for the period February 28, 2007 through April 10, 2007 for Incredible Auto Sales L.L.C.

PROFESSIONAL TIME:

| | |
|---|---|
| Attorney time (Needler) | |
| 45.5 hrs. @ $275.00 per hour | $12,512.50 |
| Attorney travel time (Needler) | |
| 9.0 hrs. @ $137.50 per hour | $ 1,237.50 |
| TOTAL PROFESSIONAL FEES | $13,750.00 |

UNREIMBURSED EXPENDITURES:

| | |
|---|---|
| February 2007 | $  69.50 |
| March 2007 | $ 370.72 |
| April 2007 | $  45.92 |
| TOTAL UNREIMBURSED EXPENDITURES | $   486.14 |

| | |
|---|---|
| Total Fees and Expenses | $14,236.14 |
| Less Payments Received | ($ 00) |
| Total Fees and Expenses Not Allowed on First Fee Application | $74,917.71 |
| Total Fee Application | $89,153.85 |

# EXHIBIT B

# INCREDIBLE AUTO SALES L.L.C.

|  | Charges | | Approved | Payments |
|---|---|---|---|---|
|  | Fees | Expenses | | |
| Retainer Paid | | | | $26.039.00 |
| 1st Application | $90,475.00 | $10,481.71 | $0 | |
| Final Application | $13,750.00 | $ 486.14 | | |