UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**INCREDIBLE AUTO SALES LLC**,

Debtor.

Case No. **06-60855-7**

**O R D E R**

At Butte in said District this 30th day of May, 2007.

In this Chapter 7 bankruptcy, attorney William L. Needler filed on May 29, 2007, a "Motion of William L. Needler of the Law Firm of William L. Needler and Associates, Attorney for the Debtor and Requests this Court to Modify, Amend, Vacate and Reconsider Its Order of May 18, 2007[,] Denying Attorney Fees and Expenses for Debtor's Attorney and to Set a Rehearing and Trial". Although Mr. Needler does not specify whether relief is sought under F.R.B.P. 9023 or F.R.B.P. 9024, its appears that relief is sought solely under F.R.B.P. 9024. However, for purposes of completeness, the Court will address both F.R.B.P. 9023 and F.R.B.P. 9024.

Rule 59, Fed.R.Civ.P., incorporated into the Federal Rules of Bankruptcy Procedure by Rule 9023, provides in pertinent part: "A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgement if one has been entered, take additional testimony, amend findings of fact and

1

conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Under Rule 59(e), "[a]ny motion to alter or amend a judgment must be filed not later than 10 days after entry of the judgment." Rule 59(e) includes motions for reconsideration. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2nd § 2810.1.

In *Brandt v. Esplanade of Central Montana, Inc., et al.* (*"Brandt"*), 19 Mont. B.R. 401, 403 (D. Mont. 2002), the District Court, in affirming this Court's decision, discussed amendment of an order under Rule 59(e): "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Mutnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)." *See also In re Teigen*, 11 Mont. B.R. 91, 92 (Bankr. D.Mont. 1992). A motion for reconsideration should not be granted if the above test is not met, absent highly unusual circumstances. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Finally, a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

In addition to the foregoing, F.R.Civ.P. 60(b)[1] provides relief for such items as mistake,

---

[1] Rule 60(b) provides:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

inadvertence, excusable neglect, newly discovered evidence and fraud. The provisions of Rule 60(b) set forth in subsections (2) through (5) are by their plain terms, not applicable to this proceeding–Mr. Needler does not claim that he has discovered new evidence that would impact the Court's May 18, 2007, Memorandum of Decision and Order; that the Memorandum of Decision and Order were procured by fraud, misrepresentation or misconduct; that the Memorandum of Decision and Order are void; or that the Memorandum of Decision and Order have been satisfied or are based on an order that has been reversed or otherwise vacated. Thus, the only other possible applicable provisions are Rule 60(b)(1) and (6).

Under Rule 60(b)(1), a court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. As the Ninth Circuit Court of Appeals has cautioned:

> Counsel for litigants...cannot decide when they wish to appear, or when they will file those papers required in a lawsuit. Chaos would result.... There must be some obedience to the rules of the court; and some respect shown to the convenience and rights of other counsel, litigants, and the court itself.

*Smith v. Stone,* 308 F.2d 15, 18 (9th Cir. 1962) (lawyer's failure to follow court rules not "excusable neglect" under Rule 60(b)). Indeed, courts have opined that where failure to submit evidentiary materials arises solely from counsel's carelessness, to grant Rule 60(b) relief would constitute an abuse of the trial court's discretion. *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds, *cert. denied*, 510 U.S. 859,

---

under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

114 S.Ct. 171 (1993); *Lomas and Nettleton Co. v. Wiselley*, 884 F.2d 965, 967 (7th Cir. 1989).

Finally, the Ninth Circuit Court of Appeals recently held that Rule 60(b)(6):

[D]oes not particularize the factors that justify relief, but we have previously noted that it provides courts with authority "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949), while also cautioning that it should only be applied in "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988).

Following the admonitions of the Supreme Court, we have used Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir* Co., 984 F.2d 1047, 1049 (9th Cir.), *cert. denied*, 510 U.S. 813, 114 S.Ct. 60, 126 L.Ed.2d 29 (1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.*

*United States v. State of Washington, et al.*, 98 F.3d 1159, 1163 (9th Cir. 1996).

In addition, "[r]elief under Rule 60(b) requires a party to show 'extraordinary circumstances,' suggesting that the party is faultless in the delay." *Pioneer Inv. Services, Co. v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993). Such relief "normally will not be granted unless the moving party is able to show both injury and that the circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) *cert. denied*, 510 U.S. 813,114 S.Ct. 60, 126 L.Ed.2d 29 (1993); *see also Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977) (holding that Rule 60(b) movant must demonstrate the presence of "'a meritorious defense and that arguably one of the four conditions for relief applies–mistake, inadvertence, surprise or excusable neglect'").

Applying the foregoing to the facts in the instant case, the Court finds that Mr. Needler

4

has not satisfied his burden under either F.R.B.P. 9023 or F.R.B.P. 9024. First, attorney Needler makes not a single reference to any error of fact or law in his Motion and the Court concludes that no such errors were made. In addition, Mr. Needler's motion sets forth no newly discovered evidence. Therefore, amendment of the Court's May 18, 2007, Memorandum of Decision and Order is not warranted under Rule 59.

Second, under Rule 60, the question of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. Mr. Needler does not appear to be seeking relief from the Court's May 18, 2007, Memorandum of Decision and Order based upon mistake, inadvertence, surprise or excusable neglect. Moreover, given the limited applicability of Rule 60(b)(6), this Court finds no basis to grant Mr. Needler's request for a "new hearing". For the reasons discussed herein,

IT IS ORDERED attorney William L. Needler's "Motion of William L. Needler of the Law Firm of William L. Needler and Associates, Attorney for the Debtor and Requests this Court to Modify, Amend, Vacate and Reconsider Its Order of May 18, 2007[,] Denying Attorney Fees and Expenses for Debtor's Attorney and to Set a Rehearing and Trial" filed May 29, 2007, is DENIED.

        BY THE COURT

        /s/ Ralph B. Kirscher
        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana