FILED
BILLINGS DIV.

2007 JUL 27 PM 12 06

PATRICK E. DUFFY, CLK

BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| INCREDIBLE AUTO SALES, LLC, ) | |
| ) | |
| Debtor, ) | |
| _____) | Bankruptcy Cause No. 06-60855-7 |
| ) | |
| Incredible Auto Sales, LLC, ) | Case No. CV-07-98-BLG-RFC |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | **ORDER FOR REMAND** |
| United States Trustee, ) | |
| ) | |
| Appellee, ) | |
| _____) | |

Incredible Auto Sales, LLC filed a Notice of Appeal from various orders of the U.S. Bankruptcy Court. United States Trustee, Ilene J. McKay, moved this Court to remand this matter to the Bankruptcy Court with instructions to conduct a hearing, on notice, on the Final Application of William L. Needer and Associates, Attorneys for Debtor, for Fee Allowance and Reimbursement of Costs.

This case stems from an appeal from an Order of the Bankruptcy Court that ruled on two applications for professional fees and costs filed by William L. Needer and Associates, attorneys

UNITED STATES OF AMERICA ) ss.
DISTRICT OF MONTANA )

I, PATRICK E. DUFFY, Clerk of the United States District Court for the District of Montana, hereby certify that the above and foregoing is a true copy of the original now on file in my office

Dated the 30 day of July, 2007.
PATRICK E. DUFFY, Clerk
By _____
Deputy

for Incredible Auto Sales, LLC. The first of those applications was filed on March 8, 2007. Said application requested allowance of fees of $90,475 and expenses of $10,481.71 and covered services rendered and expenses incurred up to February 28, 2007.

Pursuant to Mont. LBR 2016-1, the application provided for a 10-day objection period. An objecting party was required to set the matter for hearing on at least 20 days' notice. The U.S. Trustee filed a timely objection and set a hearing for April 24, 2007. A hearing was held on that date and the Bankruptcy Court took the matter under advisement.

On May 13, 2007, while the First Application was under advisement, Needler filed the Final Application, which requested fees of $13,750 and expenses of $586.14 for the period of February 28, 2007 through April 10, 2007. The Final Application also provided for a 10-day objection period. However, on May 18, 2007, the Bankruptcy Court issued its Order granting in part and denying in part both the Interim Application and the Final Application. No hearing was held with regard to the Final Application prior to the issuance of the May 18, 2007 Order.

The question of whether the Bankruptcy Court erred by not holding a hearing on the Final Application is one of the issues raised by Appellant and Appellee concedes that a hearing should have been held.

Bankruptcy Code 11 U.S.C. § 330 states:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103–
>     (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

-2-

(B) reimbursement for actual, necessary expenses.

Based upon the U.S. Trustee's concession that this matter must be remanded for a hearing on the Final Application for professional fees and costs, IT IS HEREBY ORDERED that this matter is REMANDED to the Bankruptcy Court.

DATED this 27 day of July, 2007.

RICHARD F. CEBULL
U.S. DISTRICT COURT